NEW-YORK,
May, 1831.

GRANT & CARY *vs.* ELLICOTT.

Grant
v.
Ellicott.

*It is no defence in an action on a bill of exchange by the payee against the acceptor, that the bill was accepted without consideration, or in other words, was an accommodation acceptance, and that fact known to the payee.*

DEMURRER to replication. The plaintiffs declared on a *bill of exchange*, drawn by one Nathan Graham, on the defendant, and accepted by him. The defendant pleaded *actio non*, because the bill of exchange was accepted by him *without any consideration* passing between him and the drawer, of which the plaintiffs had notice. The plaintiffs replied *precludi non*, because the bill was accepted by the defendant for a good and valuable consideration passing between the drawer and the drawee. To which replication the defendant demurred.

*D. H. Chandler*, for defendant.

*G. W. Lay*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J. The defendant says he ought not to pay the bill because no consideration passed between him and Graham, and this was known to the plaintiffs: that is, the defendant accepted the bill for the accommodation of the drawer, which the plaintiffs knew. This is no defence : it was so decided in *Smith* v. *Knox*, 3 Esp. R. 46. Lord Eldon there held that where a bill is given for the accommodation of the drawer or payee, and is sent into the world, it is no answer to an action upon it against the acceptor, that he accepted it for the accommodation of the drawer, and that the fact was known to the holder ; in such case the holder, if he gave a *bona fide* consideration for it, is entitled to recover, though he had full knowledge of the transaction. In that case the plaintiff produced no proof but of handwriting of the parties to the bill.

The case of *Charles* v. *Marsden*, 1 Taunt 224, was very like this case. The action was brought by the endorsee against the acceptor. The defendant pleaded that it was accepted

NEW-YORK,
May, 1831.

Grant
v.
Ellicott.

for the accommodation of the drawer, and without any consideration, and that this was known to the plaintiffs when they took the bill, after it was due. Mansfield, chief justice, says: " There is no allegation of fraud in this plea, nor any allegation that the plaintiff did not give a valuable consideration for this bill; it must therefore be presumed that he did." Lawrence, justice, says : " In the present case it is to be supposed that the party, (drawer,) persuades a friend to accept a bill for him because he cannot lend him money, would there be any objection if, with the knowledge of the circumstance that this is an accommodation bill, some person should advance money upon it, before it was due ? Then what is the objection to his furnishing it after it is due ? For there is no reason why a bill may not be negotiated after it is due, unless there was an agreement for the purpose of restraining it."

I know of no decision supporting this plea, and it would be extremely prejudicial to commercial paper, if it could be supported. The acceptor in a bill is considered in the same light as an endorser of a promissory note ; and it is well known that much of the paper discounted in our banks is accommodation paper, and it never has been supposed that the endorser in such case is not liable.

Judgment for plaintiffs on demurrer, with leave to amend, on payment of costs.