SAMUEL WARNER, impleaded, etc., Appellant, *v.* CYRUS MATTHEWS, Sheriff, etc., to the use, etc., Appellee.

#### APPEAL FROM MORGAN.

In action upon a replevin bond, the right of the defendant, in the action of replevin, to possession and a return of the property, will be considered as adjudicated, and a plea which attempts to reëxamine these matters is bad.

The general ownership of property is not necessarily determined in replevin; but the right of possession is.

If a party, in assertion of a supposed right, and without fraud, or as a mere stranger, replevies property, which is adjudged to belong to the defendant in replevin, the measure of damages, in a suit upon the replevin bond, is not necessarily the value of the property replevied, but what has been lost to the defendant in replevin, or what amount is he injured by the failure to return the property. To this end, his interest in the property is material to the issue.

THIS was an action of debt, brought in the name of the sheriff of Morgan county, against the appellant and his security, for the penalty of a replevin bond.

Process was served upon the appellant only.

The declaration is in the usual form of declaring upon a penal bond, under Sec. 18, Revised Statutes of 1845, page 416, reciting the pendency of the suit in replevin, setting out the instrument to be declared upon *in haec verba,* averring the trial and determination of the suit, a judgment that the property be returned to the plaintiff, the issuing of a writ of *retorno habendo,* and assigning, for breaches of the condition of the instrument, that the property had not been restored, and the penalty of the instrument had not been paid.

To this declaration the appellant filed a plea of *nil debit,* upon which issue was taken.

He also filed a special plea, alleging that the declaration in the replevin suit was in the *detinet* only, and that the defendant in said suit pleaded, 1st, *non-detinet;* 2d, a denial of property in the plaintiff; 3d, property in the defendant in said suit, with a traverse of property in the plaintiff; and that issues to the county were joined upon said pleas, and the cause was tried by the court, WOODSON, Judge, presiding, and the sole and only finding by the court was "for the defendant;" without specifying what issue or issues were found for defendant, or that all said issues, or that the issues were found for defendant, as appeared by the record and proceeding in said suit, making *profert* of the same; and further averring that the general ownership and right of property of the goods and chattels, in the declaration in this suit mentioned, was not inquired into and determined, or settled, or found, by the court, on the trial of the replevin suit, and that nothing was determined or found on said trial but the temporary right of possession of said goods and chattels; and further averring, that at the time of commencing said action of replevin, and at the time of said trial, the appellant was the general owner of said goods and chattels, and afterward and before the commencement of this suit, the absolute owner thereof, and entitled to the possession of the same.

To this plea a general demurrer was filed, which was sustained by the court.

A jury was then sworn in the case, and the appellee offered in evidence the instrument declared upon, and the record of the judgment in the replevin suit, and the writ of *retorno* with the sheriff's return of "not found," and there rested his case.

The appellant then called witnesses, and offered to prove, in mitigation of damages, that he was the general owner, and possessed of the general right of property in the goods and chattels described in the instrument declared upon, at the time of the commencement of the action of replevin, and at the time of the trial and judgment in said action, and that the defendant in said suit only claimed, at the time said suit was

commenced, and at the time of the trial thereof, a temporary right of possession of said goods and chattels; and that the only question presented upon the evidence in said suit, and determined therein, was the temporary right of possession of said goods and chattels; and that the appellant was afterward and before the commencement of this suit, the absolute owner of said goods and chattels, and possessed of the absolute property therein, and entitled to the possession of the same.

To the introduction of this evidence the appellee objected, and the objection was sustained by the court, and the evidence excluded.

The cause was then submitted to the jury, who rendered a verdict, for the appellee, for the penalty of the instrument declared upon ($480), and for $240 damages for the detention of the same; whereupon judgment was entered for the debt aforesaid, to be discharged on payment of the damages aforesaid.

From this judgment an appeal was prayed.

The errors assigned are :

1st. The court erred in sustaining the demurrer to the amended plea of appellant.

2d. The court erred in excluding the evidence offered by the appellant, on the trial of said cause, in mitigation of damages.

3d. The verdict of the jury did not authorize the judgment.

YATES and McCLURE, for Appellant.

D. A. SMITH, for Appellee.

SKINNER, J.    This was an action of debt upon a replevin bond. The declaration alleges the commencement of the action of replevin, the execution of the bond sued on, conditioned for return of the property, if return thereof should be awarded, a trial of the cause upon issues joined, a judgment for the defendant and for return of the property, the issuing and return of the writ of *retorno habendo,* and assigns for breach that the defendant has not returned the property, and that the obligors in the bond have not paid the penalty thereof.

The defendant pleaded *nil debit,* upon which issue was joined, without objection, and a special plea to the action, alleging that the declaration in the action of replevin was in the *detinet* only ; that the defendant in that action pleaded, 1st, *non-detinet ;* 2d, that the property was not the property of the plaintiff; and, 3d, that the property was not the property of the plaintiff, but that the same was the property of the defendant ; that upon said pleas issues to the county were

joined; that the cause was tried by the court, and that the court found for the defendant generally, without specifying upon what issue; that the general ownership of the property was not inquired into or determined by the court; and that at the time of the commencement of said action, the plaintiff was the general owner of the property, and that at the time of the commencement of this action he was, and still is, the absolute owner, and entitled to the possession thereof.

To this plea the court sustained a general demurrer. Upon the trial, the defendant offered to prove, in mitigation of damages, the same facts, but the court excluded the evidence. These decisions are assigned for error. The judgment in the action of replevin necessarily determined that the plaintiff in that action (the defendant in this action) was not entitled to the possession of the property, and that the defendant in that action (the plaintiff in this action) was entitled to a return thereof; and to that extent, and no further, are the rights of the parties concerning the property and the ownership thereof, conclusively adjudged and determined.

Whatever was in issue in that action, and essential to be found to authorize the judgment, and was, in fact, determined as between these parties, is *res judicata*, and conclusive upon them.

The defendant in that action was entitled to judgment upon either issue found for him, and to a judgment for return of the property, on a finding in his favor upon either of the issues, asserting property in himself and denying the plaintiff's right; and to prove these issues on the part of the defendant, it was only necessary to show that the plaintiff had not the right of possession, or that the defendant had a special interest in the property, entitling him to the present possession.

The general ownership of the property was not, therefore, necessarily determined. *Anderson* v. *Talcott*, 1 Gil. R. 365; *King* v. *Ramsey*, 13 Ill. R. 619; 1 Greenlf. Ev. Sec. 532, and cases there cited.

The right of the defendant, in the action of replevin, to possession and a return of the property, is finally determined by the judgment, and to that extent the matters in the plea alleged cannot be reëxamined between these parties. By that judgment the defendant is concluded, and his covenant was broken by failing to return the property according to the requirement of the judgment and his bond.

The plea, therefore, is no defense to the action, and the demurrer was properly sustained.

If the defendant, however, in the assertion and vindication of his supposed rights, and not for fraudulent purposes, or as a mere stranger, replevied the property, the measure of dam-

Warner *v.* Matthews.

ages in this action is not necessarily the value of the property, but the extent of the plaintiff's injury by being deprived of such right as he in fact had in the property when return thereof should have been made.

If the defendant was the general owner of the property, and has since become the absolute owner, the plaintiff, at the time of the commencement and trial of the action of replevin, having a special property therein, or temporary right of possession only, it would be inequitable, and would encourage circuity of action, to allow him to recover the full value of the property.

The true question is, what has the plaintiff lost, or to what amount is he injured by the failure of the defendant to return the property? and to determine this, it is material to know the extent of his interest in the property.

This view is consistent with the principle of recoupment, and the analogies in trespass and trover (except where the action is against one having no right, or a mere wrong doer), where the damages are measured by the interest of the plaintiff in the property taken or converted, and is sustained by the following authorities: *Wallace* v. *Clark*, 7 Ind. R. 298; *Scrugham* v. *Carter*, 12 Wend. R. 131; *De Witt* v. *Plat*, 13 ibid. 496; *Higgins* v. *Whitney*, 24 ibid. 379; *Jennings* v. *Johnson*, 17 Ohio R. 154; *Lloyd* v. *Goodwin*, 12 Smede and M. R. 223; *Kaley* v. *Shed*, 10 Met. R. 317; *City of Lowell* v. *Parker*, 10 ibid. 309; Sedgwick on Measure of Damages, Chap. 20.

Judgment reversed and cause remanded.

*Judgment reversed.*