By the Court, Bosworth, Ch. J.
The judge at the trial ordered a verdict for. the defendant, apparently on the idea that an accommodation maker or indorser of a note is not liable upon it to a party to whom it is transferred by the party accommodated, after maturity. In this, we think, he inadvertently erred.
A note made or indorsed for the general accommodation of a party, without any restriction as to the manner in which it is to be used, or the time in which it is to be negotiated, may be transferred by him either before or after maturity, and the indorsee, if he takes it for value, may recover upon it, even though he took it with notice that it was made or indorsed for the accommodation of his immediate indorser. This is settled by repeated adjudications. (Grant et al. v. Ellicott, 7 Wend. 227. Sturtevant v. Ford, 4 Mann. & Gr. 101. Caruthers v. West, 11 Q. B. 143.)
The payee of an accommodation note can never recover *354 upon it from the maker, nor the indorser of a note against his accommodation indorser. The fact that Myers could not recover against Dorr, is not, therefore, any reason why the plaintiff, his indorsee, should not. Allowing the latter to recover, is only allowing payment to he enforced against the indorser in accordance with the purpose and object for which the indorsement was made.
The rule that a note transferred after due is subject to all the equities attaching to it in the hands of the one so transferring it, has no application to accommodation paper transferred to subserve the purpose for which it was made. That rule is to protect parties from being defrauded, by being compelled to pay the note in any event where it is transferred after it is due, or with notice of its infirmities, and places the indorsee of the maturity in the precise position he would have been if he had taken it before maturity with notice.
A party who takes accommodation paper before maturity, with notice of its character, may recover if he "has paid value. The only thing essential to his right to recover, is that he has paid value ; and that allowing him to recover is enforcing payment in accordance with the object for which the note was, as matter of accommodation, made or indorsed. When such is the character of the transaction, it is of no consequence to the defendant, whether the note was transferred before or after ' maturity. The cases above cited determine these questions as we have stated them, and no conflicting authority has been brought to our notice.
The judgment should be reversed, the verdict set aside, and a new trial granted, with costs to abide the event.
Ordered accordingly.