*322
By the Court:

Barbour, C.J.
There was one fact, which, if material; ought to have been submitted to the jury. Merrill testified, as a witness, that, at the time he transferred the note to the firm, he told his partner, Bullwinkle, that the note had been loaned to him; but Bullwinkle wholly denied that, statement. It is not important, however, for two reasons: first, the knowledge of one-of the partners, like his act, is that of the firm, so. far as concerns their dealings with others, as a partnership; second, the fact that Bullwinkle was informed, at the time the note was transferred to the firm by Merrill, that the same was given, without consideration, but merely lent to the latter, was wholly immaterial. Bor, the plea of want of consideration to the maker of a note thus lent, with the intention that the same shall be sold or discounted for the benefit of the payee, or without restriction as to its use, cannot avail the maker, in an action brought against him by the. purchaser, or a subsequent holder, from him, although such purchaser or transferee took the same with full knowledge of the circumstances under which it was made and issued (Bank of Chenango v. Hyde, 4 Com. R., 567; Grant v. Ellicott, 7 Wend., 227; Powell v. Waters, id., 176; Grandin v. Le Roy, 2 Paige, 509).
The plaintiff in. this action took nothing, by the assignment to him of the claim of Bullwinkle & Merrill against the defendant, beyond the interest of his assignors; and, of course, he can recover here, if at all, only such amount as B. & M. would have been entitled to recover had this suit been instituted by them at the time the assignment was made; The question, then, is, what would be the rights of the parties in an action brought in the joint names of Bullwinkle and Merrill, as plaintiffs, against this defendant?
Conceding, for a moment, that Bullwinkle was a purchaser, of the note, in good faith, to the extent of his interest as a partner, and that he may, for that reason, be considered here as a lender, to a like extent, of the $500 which was given to the defendant by *323 the firm for the purpose of retiring such note, and, therefore, that he would be entitled to recover jw tanto in proportion to his interest, I am not aware of any principle of equity that would authorize a recovery by Merrill, in such a case. His' relations to the defendant, certainly, were unaffected by his transfer of the notes to himself and Bullwinkle; but his implied obligation to retire the borrowed note when due, and to save the defendant harmless therefrom, remained, after such transfer, pre cisely as it existed before. How, then, can it be said that the' portion of the $500 which was furnished, with his consent, out of funds belonging to himself, even though undivided, for the purpose of paying off and cancelling the note then outstanding, was a loan by him to the defendant ? It is unreasonable to suppose that the mere transfer by Merrill of the note to himself and another, as partners, or of an undivided interest therein to his partner, could effect such a result as that.
In England, and, probably, here, under the old rules of pleading and practice, such an action as this, but brought in the names of several partners, one of them being the borrower of the note, could not have been sustained. In the case of Sparrow et al. v. Chisman (4 M. & Ry., 206), the plaintiffs, who were co-partners, brought their suit as indorsers of two bills of exchange, drawn by Peekover, one of the partners, and indorsed by him to the firm, against the defendant as acceptor. The defendant accepted for the accommodation of Peekover, who undertook to provide for the payment of the bills. The Court held that as Peekover had undertaken to provide for the bills, he and his co-partners were precluded from joining in an attempt to enforce payment from the defendant. (See, also, Rapp v. Latham, 2 B. & Ald., 795; Sandilands v. Marsh, id., 673; Richmond v. Heapy, 4 Camp., 207; Puller v. Roe, Peak’s R., 117; Iacand v. French, 12 East., 323; and remarks of Lord Tenterden in Jones v. Yates, 9 B. & Cress., 539.) Under our present system, however, which allows a judgment in favor of one of several plaintiffs and against the others, in certain cases, it is quite possible that Bullwinkle might have been entitled, in an action brought by himself and Merril *324 against this defendant, to recover a judgment for the amount of his interest in the $500; and so, the plaintiff here, as the assignee and representative of that interest, may, perhaps, eventually show himself entitled to such a judgment. But, in order to do this, it will be necessary for him to prove at. least the extent of the interest of Bullwinkle in the $500 received by the defendant.
But it is unnecessary to speculate upon possible rights which may or may not hereafter appear in the further progress of the action. It is sufficient to say, so far as my opinion is concerned, that no claim against the defendant, founded upon the interest or ownership of Merrill in the $500 alleged to have been loaned by the firm to the former, passed to the plaintiff under or by virtue of the assignment; and, for that reason, the judgment, which includes that interest, cannot be allowed to stand. A new trial must be granted, with costs to abide the event.