PHELPS *v.* SPRUANCE.

JURISDICTION OF PROBATE COURT *to issue process to foreign county.* Under section 2 of the practice act (Rev. Stat. 500), a probate court may issue process to a foreign county.

PRACTICE — *variance, how reached.* A variance between the writ and declaration cannot be reached by demurrer. It is matter for plea in abatement.

PRACTICE — *amended bill of particulars.* If the plaintiff file a bill of particulars with his declaration, and the defendant make no objection to such bill, and the plaintiff afterward, and within ten days of the second term, file a more specific bill of particulars, the defendant cannot obtain a continuance at the second term, because of the filing of such amended bill.

VERDICT — *what will be sufficient.* A verdict which answers all the issues is sufficient.

BILL OF EXCEPTIONS — *in trial to the court without a jury.* If a cause is tried to the court without a jury, exception must be taken to the judgment of the court, if the party aggrieved wishes to have it reviewed in this court.

In such case a motion for new trial is unnecessary, but the exception to the judgment of the court is indispensable, if that judgment is to be reviewed here.

*Error to Probate Court, Clear Creek County.*

Mr. Justice WELLS, having been of counsel, did not sit in this cause.

Mr. GEO. W. PURKINS, for plaintiff in error.

Mr. E. T. WELLS, for defendant in error.

HALLETT, C. J.   The power of the probate court to issue process to a foreign county, under section two of the practice act, has been considered by us at this term in the case of *Cody* v. *Raynaud*, and, according to the views there expressed, the probate court had jurisdiction in this case. Variance between the writ and declaration cannot be reached by demurrer. It is matter for plea in abatement. *Duvall* v. *Craig*, 2 Wheat. 45.

No objection was made by plaintiff in error to the account filed with the declaration, but, at the second term of the court, he moved to continue, upon the ground that defend-

ant in error had voluntarily filed a more specific bill of particulars within ten days of the term. If a defendant is dissatisfied with the account filed with the declaration, the practice is to move the court for a rule upon the plaintiff to furnish a more specific bill, and, when the new bill comes in, if it differs materially from that first filed, the court will continue the cause upon the application of the defendant. In this case plaintiff in error, who was defendant below, did not ask for a more specific bill of particulars, and defendant in error was under no obligation to file any; therefore no question can be raised in this court in respect to it.

The general issue was pleaded, and also another plea, in which it was alleged that the promises in the declaration mentioned were made by the Phelps & Gillimore Mining Company, and not by the defendants, and that defendants were not partners or joint-contractors, etc. Issue was joined upon these pleas, and, upon trial thereof, the court found that plaintiff in error " did assume and promise, in manner and form, as the said William Spruance hath complained against him." And this, it is said, is not an answer to the issue upon the second plea; but we are of another opinion, for the second plea is, at best, only a repetition of the first. If the finding is true the plea is untrue; for, if plaintiff in error promised in manner and form as alleged in the declaration, he did promise jointly with Gillimore, and it is his promise and not the promise of the mining company. The finding certainly comprehends all · that was in issue, and no more is attainable in any form of verdict.

It is also urged that excessive damages were allowed, and this would be a question of some difficulty if it were properly before us. But the question is not presented in the way provided by the law, as we shall endeavor to show. This was a trial by the court without a jury, a proceeding unknown to the common law, and, by the rules of the common law, the decision or finding of the court upon the testimony is not subject to review in another tribunal. *Campbell* v. *Boyreau*, 21 How. 226.

But section 22 of our practice act has wrought a change in the common law, as follows:

SEC. 22. "Exceptions taken to opinions and decisions of the district courts, upon the trial of causes, in which the parties agree that both matters of law and fact may be tried by the court, and, in appeal cases, tried by the court without the intervention of a jury, shall be deemed and held to have been properly taken and allowed; and the party excepting may assign for error, before the supreme court, any decision or opinion so excepted to, whether such exception relates to receiving improper or rejecting proper testimony, or to the final judgment of the court upon the law and evidence."

When we consider that the power to review the finding of the court below upon the testimony is derived entirely from this statute, it is not difficult to understand that an exception to the ruling of the court is necessary to give us jurisdiction. In cases of this kind the aggrieved party may except to the decision of the court, and may assign for error the decision so excepted to. But if he fails to except in this, as in every other case in which an exception is necessary, he cannot seek relief in an appellate court. And this is in perfect harmony with the practice which obtains in cases tried by jury. In such cases the party aggrieved must move for new trial, and except to the ruling of the court upon the motion. In cases tried by the court, the motion for new trial may be dispensed with, but the exception to the judgment of the court is indispensable if that judgment is to be reviewed in this court. As in such cases, the court determines both the law and the fact; if an exception were not necessary, it would be a departure from all analogous rules of practice.

There was a motion in arrest of judgment, but it presented only those questions to which we have adverted, and it is not necessary to notice it particularly. Upon this review we have not found error in the record, and the judgment is affirmed with costs.

*Affirmed.*