## MARTIN v. FORCE.

1. Where the bill of exceptions fails to show that all the evidence in the court below is preserved in the record, this court is deprived of the right to review the judgment of the lower court upon the evidence.

2. A bill of exceptions is to be regarded as a pleading of the party aggrieved, and must be construed most strongly against the party who prepared it. The regularity of the proceedings of the lower court must be presumed unless the contrary appears in the record.

3. When the trial is by the court without a jury, and no exception is reserved to the judgment, this court has no power to review the judgment of the lower court upon the evidence.

4. A suggestion of diminution to enable the party to bring in a more perfect transcript of the record after the cause has been submitted and determined will not be entertained.

| | |
|---|---|
| 3 | 199 |
| 5 | 385 |
| 6 | 555 |
| 7 | 141 |
| 7 | 589 |
| 11 | 559 |
| 3 | 199 |
| 12 | 354 |
| 3 | 199 |
| 18 | 430 |
| 3 | 199 |
| 20 | 372 |
| 3 | 198 |
| 9a | 15 |
| 3 | 199 |
| 12a | 260 |
| 3 | 198 |
| o29 | 136 |
| 3 | 198 |
| 17a | 101 |
| 17a | 104 |
| 3 | 198 |
| 34 | 84 |
| 20a | 487 |

*Error to Probate Court of Arapahoe County.*

THIS case is stated in the opinion.

Messrs. BROWNE & PUTMAN, for plaintiff in error.

Mr. W. W. COOK, for defendant in error.

THATCHER, C. J. *First.* Upon two grounds this court has no jurisdiction to review the judgment of the court below upon the evidence. First, the bill of exceptions does not show that all the evidence is before us. This omission is fatal to our right to review the judgment upon the testimony. *Greene* v. *McFadden*, 5 Clarke (Iowa), 549; *Illinois Central Railroad Co.* v. *Garish*, 39 Ill. 371. No exact form

of words is requisite to indicate that all the evidence introduced at the trial, in the court below, is set forth in the bill of exceptions, yet it must be clearly manifest to this court, from an examination of the record, that no evidence has been omitted from the bill of exceptions, upon which the finding and judgment of the court below might be predicated. The reason for this rule is obvious. If there was additional evidence it may have been of a character to influence the court in its finding. Of its precise nature, if indeed any evidence has been omitted, we are not advised, and we are not at liberty to infer that it was immaterial. The bill of exceptions under our Practice Act, which is similar to that of Illinois, is to be regarded as a pleading of the party aggrieved, and if it be in any way ambiguous, uncertain or omissive, it must be construed like any other pleading, most strongly against the party who prepared it. *Rogers* v. *Hall*, 3 Scam. 5.

To support the verdict of the jury or the finding of the court, we are bound to make every fair and just intendment. The proceedings of the lower court must be presumed to have been regular in every respect, unless the contrary appears in the record. The maxim *Omnia presumuntur rite et solenniter esse acta, donec probetur in contrarium* applies. Broom's Legal Maxims, 729; *Spieres* v. *Parker*, 1 Term R. 503.

*Second.* The trial was to the court, and no exception was reserved to the judgment. Without such exception it has been held, that under section 22 of our Practice Act this court has no power to review the judgment of the lower court *upon the evidence. Phelps* v. *Spruance*, 1 Col. 414; *Liss* v. *Wilcoxen*, 2 id. 85.

No exceptions were taken to the admission of improper or the exclusion of proper testimony. We, therefore, are precluded from reviewing the judgment on any ground. The plaintiff in error is not properly before this court.

The judgment of the court below must be affirmed

*Affirmed.*

UPON a petition for rehearing in this cause, the following opinion was delivered by

THATCHER, C. J.: The petition for rehearing is based upon a supplemental transcript of the record offered for filing under the rule, from which it appears that the plaintiff in error did, in fact, except to the judgment of the court below, and that the bill of exceptions did, in fact, contain all the evidence. It is, in effect, a suggestion of diminution of the record, not only after the cause has been submitted, but after judgment has been pronounced. It would be a very loose practice that would permit, after the final determination of a cause, the aggrieved party, through whose negligence an imperfect bill of exceptions has been incorporated into the record, to suggest diminution with a view to a rehearing.

The case of *Steele* v. *The People*, 40 Ill. 59, is an authority for saying that a suggestion of diminution to enable the party to bring up a more perfect transcript will not be entertained after the term at which the cause was submitted.

The petition must be denied.                    *Petition denied.*