LEE, impl., etc. *v.* GRIMES FOR USE OF HAHN  et al.

1. In an action of debt on a replevin bond  where the merits have  not been tried in the replevin suit under the statute (R. S. 1868, p.  540,  § 14), the defendant  may  plead such fact, and his title to  the property in dispute, but the plea must show upon its face that the  right of  property had not been determined in the replevin suit.

2. Where the parties to a replevin suit submit to an arbitration  and that the award shall be final, and the arbitrators,  after  examination of the matters in controversy, find  for the defendant, and  that the property  is in him, in an action afterward on the replevin bond,  the  principal therein will be estopped to say  the action was not determined on the merits ; and the sureties, although not parties to  that  action,  are  concluded  by the judgment therein by force of their undertaking.   And in  such  action on the bond, evidence of the relation of mortgagor and mortgagee having existed between the parties is not admissible in mitigation of  damages.

3. Where one would question the authority of an agent to execute a bond he should do so by verified plea under the statute (R. S. 1868,  p. 506,  § 14), and in the absence of such plea it is not necessary  to  prove  the agent's authority.

4. It is within the general powers of an attorney-at-law to  submit the suit of his client to arbitration.

*Appeal from District Court of Gilpin County.*

THE facts are stated in the opinion.

Mr. L. C. ROCKWELL, for appellant.

Messrs. H. M. & W. TELLER, and Mr. S. B. HAHN, for appellees.

ELBERT, J. This case was an action of debt on a replevin bond, commenced in the district court of Gilpin county by the appellees, against the appellant and others. The third and fourth pleas are substantially alike. As issue was joined on the third plea, the appellant was not prejudiced by the ruling of the court respecting the fourth. Section 14 of the Replevin Act (R. S., p. 540) provides, that in an action upon a replevin bond, "where the merits of the case have not been tried in the action of replevin in which such bond was given, the defendants may plead such fact, and also their title or the title of any one or more of them, to the property in dispute in such action of replevin." Under this section, the appellant, Lee, who was a surety on the replevin bond, interposed two pleas (sixth and eighth) alleging that the merits of the case were not tried or determined, in the action of replevin in which the bond sued on was given, and also alleging title to the property in controversy in the Perigo Gold Mining and Tunnel Company, plaintiff in the replevin suit, and principal upon the bond sued upon. The essential allegations in support of this defense are, that after the commencement of the replevin suit, the parties thereto submitted the matters in controversy to arbitrators, under an agreement that provided that the award of the arbitrators should have the same force and effect as the verdict of a jury ; that it should be final, and be made the basis of a judgment in said action. That under this agreement the issues were found by the arbitrators for the defendants therein, and judgment entered in the replevin suit upon their award. In the case of *The Perigo Gold Mining and Tunnel Company* v. *Grimes et al.*, 2 Col. 651, where

this same submission was under consideration, it was held that such a reference to arbitrators would not operate to discontinue the action of replevin, or discharge the sureties on the replevin bond.    The question here presented, however, was not decided in terms, and perhaps not inferentially.    A plea under this section of the Replevin Act should show on its face that the right of property had not been determined upon the merits in the action of replevin.    *King* v. *Ramsey*, 13 Ill. 622.    Upon the facts disclosed by the pleas mentioned, we see no foundation for this defense.    In order to a judgment on the merits "it is sufficient that the status of the action was such that the parties might have had their lawsuit disposed of according to their respective rights if they had presented all their evidence and the court had properly understood the facts and correctly applied the law."    Freeman on Judgments, § 260, and cases there cited. Within this definition there was clearly a trial on the merits in the action of replevin.

The two pleas under consideration are substantially alike, and the demurrer should have been sustained to the eighth as well as the sixth plea.

With a view to the application of the rule of damages as between mortgagor and mortgagee, the appellant, Lee, offered evidence to show that the appellees, Hahn and Clark, were but mortgagees, and that the Perigo Company was the general owner of the property replevied.    In view of the issues found in the award, this evidence was not competent. The relations of the parties to the property were determined in the replevin suit.    " Having heard the proofs and allegations of the parties, and having examined the matters in controversy," the arbitrators found " the issues in said cause for the defendants.    That the defendants are entitled to the return and possession of the property described in the plaintiff's complaint.    That the title to the property in controversy is in Silas B. Hahn, and that said Hahn is the owner of the same.    That the plaintiff is not the owner of,

and is not entitled to the possession of the property described in its said complaint."

This award was conclusive between the parties thereto as an estoppel. Bigelow on Estoppel, 17 ; *Lloyd* v. *Barr*, 11 Penn. St. 51.

The appellant, as surety on the replevin bond, undertook on behalf of the Perigo Gold Mining and Tunnel Company, that it would prosecute its suit with effect and without delay, and that it would make return of the goods and chattels, if return thereof should be awarded, etc., etc., and although not a party to the action, he is concluded by the judgment therein, by force of his undertaking. Freeman on Judgments, § 180 ; *Sweeney* v. *Lomme*, 22 Wall. 209 ; *Heard* v. *Lodge*, 20 Pick. 59.

The ownership of the replevied property was put in issue, and found to be in Hahn, and not in the Perigo Company. This appears by the record of the replevin suit, put in evidence by the plaintiff ; and while it was competent for the appellant to dispute the existence of the record under his plea of *nul tiel record*, it was not competent for him to retry the issues therein found and adjudged. Nor is this in conflict with any thing said in the case of *The Perigo Gold Mining and Tunnel Company* v. *Grimes, supra.* The court there expressly states that it *did not appear* but what the Perigo Company was the general owner of the property. So, too, in the case of *Warren* v. *Matthews*, 18 Ill. 83, cited by the learned judge in the case of *Perigo Co.* v. *Grimes*, the general ownership of the property had not been tried or determined in the replevin suit. These authorities go no further than to say that where the general ownership has not been found in the action of replevin, in an action upon the replevin bond, evidence is admissible to show that the relation of mortgagor and mortgagee existed between the parties to the original action.

The offer of the appellant to show want of authority in the agent Darby, to execute on behalf of the Perigo Company the several instruments under which Hahn and Clark

claimed the property in dispute, was not competent, and should have been refused by the court as to Clark as well as Hahn. If their right to the property rested on Darby's authority as agent, the question of his agency was necessarily passed upon and determined in the action of replevin. As between the parties to the suit on the bond, it was *res judicata.*

If the appellant desired to question the authority of the agent Cowenhoven to execute the replevin bond, he should have done so by verified plea under the provisions of section 14 of the Practice Act (R. S., p. 506). In the absence of such a plea it was not necessary to prove the agent's authority. *Delahay* v. *Clemants,* 2 Scam. 575 ; *City of Central* v. *Wilcoxen,* 3 Col. 566.

It is within the general powers of an attorney at law to submit the suit of his client to arbitration. *Halker* v. *Parker,* 7 Cranch, 449. Butler was the attorney of record of the Perigo Company, and the objection to the agreement of submission, of his want of authority to so submit the replevin suit, was properly overruled by the court.

The foregoing are all the questions raised which we deem it necessary to pass upon. It will be observed that the errors adverted to were all in favor of the appellant, and did not operate to his prejudice.

The judgment of the court below is affirmed with costs.

*Affirmed.*