## THE COLORADO SPRINGS COMPANY *v.* HOPKINS *et al.*

### (*Supreme Court of Colorado, April Term, 1880.*)

EXCEPTIONS.  1.  The Supreme Court is, by statute (Session laws 1879, p. 225) precluded from the review of a final judgment, upon testimony, unless an exception to the judgment is reserved at the trial.

2.  But this does not prevent the consideration of errors assigned, based upon exceptions duly reserved during the progress of the trial; and all assignments of error based upon exceptions properly taken at the trial may be considered by the Supreme Court, though the final judgment be not excepted to.

REPLEVIN.  1.  In complaint upon replevin bond, because of failure to return property, it is necessary to allege that an order was entered directing a return of the property.  A complaint not so alleging bad on demurrer —the condition of such bond being for the delivery of such property "*in case return thereof shall be awarded.*"

2.  In an action of replevin, where a return of property is adjudged, it is competent for the court to give damages for its detention up to the time of delivery.  It follows that to the extent of the recovery which ought have been obtained, if no error intervened, the matter is *res adjudicata,* and cannot be examined in a suit on the bond.

BECK, J.   This was an action upon a replevin bond executed with sureties by the defendant in replevin proceeding, Robert L. Hopkins, under the act of 1876.   Gen. Laws 1876, p. 116.

The complaint sets out four separate causes of action, alleging as many breaches of the bond.   A demurrer was sustained to the second, third and fourth causes of action.  The plaintiff in error abided by its complaint, and the defendants failing to answer to the first cause of action, in compliance with a rule of court, judgment *nihil dicit* was given thereon.

The errors assigned question the correctness of the rulings in sustaining the demurrer.

A preliminary question is raised by the defendants in error, whether the plaintiff in error has any standing in this court, no exception having been reserved in the court below to the final judgment.

Several decisions of this court are cited to show that in such case the judgment is not the subject of review here. The cases, however, only go to the extent of holding that where no exception is served to the judgment, in a case tried to the court without a jury, such judgment cannot be reviewed upon the evidence. These decisions were based upon a construction of section 24, chapter 70, Revised Statutes, the former practice act. The same provisions were re-enacted by the legislature, February 24, 1879, and are in force. Session Laws 1879, page 225.

In *Parton* v. *Coen & Ten Brocke C. M. Company*, 3 Col., 265, this court, in construing the statute referred to, held that while it precluded the review of a judgment upon the testimony where an exception to the judgment had not been reserved at the trial, it did not operate to prevent the consideration of errors assigned, based upon exceptions duly reserved during the progress of the trial; and that all assignments of error based upon exceptions properly taken at the trial may be considered by the Supreme Court in such case. We are not, therefore, precluded from considering the errors here assigned, and will proceed to review the rulings of the court below upon the demurrer to the complaint.

The second cause of action was for failure to return a portion of the property. The demurrer was properly sustained to this cause of action, because it did not appear from the complaint that an order was entered for a return of the property. We think such order was necessary before there could be a breach of this condition of the bond. The condition was: "And deliver said property to the Colorado Springs Company, in case return thereof shall be awarded." The act of 1876 was amendatory of or supplemental to the general law on the subject of replevin as it existed in Chap. 74, R. S.; the failure of the amendatory act to prescribe the form of judgment did not operate to prevent the district court from entering a proper judgment to effectuate the intent and purposes of the act. That it contemplated an order for the return of the property where the plaintiff was successful in his suit, is apparent from an inspection of the first section, which prescribes the conditions of the bond. The judgment as

set out in the complaint is defective in this particular.    The property, being in the possession of the defendant, Hopkins, at the time of trial of the replevin suit, if the right of possession was then in the plaintiff in error, the judgment should have provided for its return.    There can be no breach of the condition of the bond in such case until a return is awarded, for this is the letter of the condition.    The order necessarily precedes the breach of the condition.    The condition was to deliver the property "in case return thereof shall be awarded."    The breach alleged is simply a failure to deliver.    The breach assigned not being as broad as the condition, the demurrer was properly sustained. *Hunter* v. *Sherman*, 2 Scam., 539;  *Peck et al.* v. *Wilson*, 22 Ill., 205.

The third and fourth causes of action will be considered together.    Both are for the recovery of damages, and must be considered as based upon a breach of that condition of the bond which provides for the payment of all damages that may accrue to the plaintiff by reason of the unlawful detention of the property.    It appears from the allegations of the complaint in the present case, that on trial of the replevin suit plaintiff in error was adjudged to have been entitled to the possession of the property mentioned in the writ, at the time of its issuance, and that it recovered damages for the detention of said property up to that date.

It was competent for the court in that action to have inquired into the right of possession of the property down to the time of judgment, and to have given damages for its detention to the same date, if the plaintiff was entitled thereto.    Wells on Replevin, Sec. 496.

The complaint in this case does not contain sufficient of the proceedings in the former action to explain why judgment was entered in the form mentioned, and why damages were not allowed plaintiff in error for the detention up to date of judgment. Enough appears, however, to show that the subject of damages for detention of the property was an issue in that proceeding. It follows, that to the extent of the recovery which might have been obtained in that suit, if no error intervened, the matter is *res adjudicata*.    The same matter litigated there cannot be re-examined in a suit upon the bond.    *Warren* v. *Matthews*, 18 Ill., 83.

It is not sought in these proceedings to recover the *same* damages for which judgment was entered in the original suit, but damages for detention subsequently accruing. But in the absence of an order for the return of the property to the plaintiff in error, we are not able to say that any such damages accrued. Certainly if the Colorado Springs Company was not entitled to have the property returned it is not entitled to damages for its detention.

The conclusion is, that plaintiff in error has not stated such a case in either its second, third or fourth cause of action as entitles it to recover, and that as to all of them the demurrer was properly sustained. If such right in fact existed in favor of plaintiff in error, it should have availed itself of the opportunity granted by the court below to so amend its complaint as to make the right apparent. Declining to amend, it is concluded by the former proceedings.                               *Judgment affirmed.*