## LAW *v.* BRINKER.

*(Supreme Court of Colorado, Spring Term, 1883—Appeal to the County Court of Arapahoe County.)*

1. PRACTICE IN SUPREME COURT—EXCEPTIONS. In trials to the Court, the Supreme Court will not review the judgment upon the evidence, when there was no exception to the judgment. But may pass upon assignments of error, resting on exceptions duly reserved at the trial.

2. BILL OF EXCHANGE. Two acceptors of a bill of exchange become

severally liable for its payment, as co-makers of a promissory note. One having voluntarily placed himself in this attitude, cannot plead want of consideration for his acceptance.

HELM, J. We cannot review the judgment in this case *upon the evidence.* A jury was expressly waived by the parties, and the cause was tried to the Court. No exception was taken or allowed to the judgment, and we are therefore without jurisdiction to consider the testimony, except as hereinafter indicated. Sess. Laws 1879, p. 225, Sec. 24; *Colo. Springs Co.* v. *Hopkins,* 1 Colo. Law Rep., 11.

See also construction of a similar statute by the Supreme Court of the Territory. *Phelps* v. *Spruance,* 1 Colo., 414.

The bill of exceptions does not purport to contain *all* the testimony; and for this reason also, we are precluded from reviewing the judgment upon the evidence. *Gordon* v. *Darnell,* 1 Colo. Law Rep., 204; *Martin* v. *Force,* 3 Colo., 199.

The foregoing rules of practice, however, only prevent our considering the evidence for the purpose of determining its *sufficiency* to sustain the judgment. We may still pass upon assignments of error resting on exceptions duly reserved at the trial to the admission or rejection of testimony, or to other rulings which are subject to review in this Court. *Patten* v. *The Coen & Ten Broeke Co.,* 3 Colo., 265; *The Colo. Springs Co.* v. *Hopkins, supra.*

The action was brought upon a bill of exchange, by appellee against appellant and one Dickey. Appellee was the drawer thereof, and also the payee therein named; appellant and said Dickey were the drawees, and each endorsed thereon his unconditional acceptance in writing.

By so doing they became severally liable for the payment thereof; they occupy the same position as co-makers of a promissory note. Having voluntarily placed himself in this attitude, appellant could not plead a want of consideration for his acceptance. *Anderson* v. *Anderson,* 4 Dana, 352; *Grant* v. *Ellicott,* 7 Wend., 227; *Nowak* v. *Excelsior Stone Co.,* 78 Ills., 307; *Towsley* v. *Sumrall,* 2 Peters, 183; *Deinsey* v. *Loeb,* 22 Ills., 393.

He could not invoke the rules controlling the liability of one who is an accommodation surety for the drawer of a bill of exchange, even if such rules are as claimed by counsel; for, as

above stated, appellee was also the payee, and the accommodation was not rendered to him, but to Dickey, appellant's co-acceptor. As between Dickey and appellee, the proofs establish a good and sufficient consideration, to wit: an extension of time for payment of the debt for which the bill of exchange was given. 4 Dana, 352, *supra;* 7 Wend., 227, *supra.*

These views as to the law dispose of the exceptions preserved during the trial to the rejection of the testimony. We will therefore not discuss them in detail.

There was no error in overruling the demurrer. The bill of exchange sued on is not expressly made payable at any particular place; and if it were, we think a fair construction of section 24 of the Code allowed appellee, who was plaintiff below, to bring suit in the county where he resided.

The judgment of the Court below must be affirmed.

*Affirmed.*

*L. J. Laws* and *W. B. Mills*, for appellant.

*R. D. Thompson*, for appellee.

---

## BOND—SURETY.

The Supreme Court of Pennsylvania, by Paxson, J., in the case of *Rhawn* v. *The Commonwealth* (reported in 15 Lancaster, Bar 49), recently rendered a decision of considerable interest upon the question of the liability of sureties on the bond of an assignee. The case arose under a State statute relating to assignments for the benefit of creditors. The act provided for the giving by the assignee of a bond conditioned for the faithful execution of his trust as such assignee. Another section required the assignee, in case of the sale of real estate of the assignor, to give a special bond with sureties conditioned for the faithful appropriation of the proceeds of sale. In the case before the Court, the assignee had sold real estate of the assignor without first giving the special bond required; and in an action upon his official bond the Court held the sureties thereon liable for a failure by the assignee to make proper application of the proceeds of such sale. The Court says: "The very first step which this assignee took after giving this bond was a breach of its condition. The faithful execution of his trust required him to give a special bond for the sale of real estate. This duty was neglected. * * * It is perfectly clear that the sureties are liable for the proceeds of the sale of the real estate."—*Legal Adviser.*