Helm, J.
We cannot review the judgment in this case upon the evidence. A jury was expressly waived by the parties, and the Cause was tried to the Court. No exception was taken or allowed to the judgment, and we are therefore without jurisdiction to consider the testimony, except as hereinafter indicated. Sess. Laws 1879, p. 225, Sec. 24; Colo. Springs Co. v. Hopkins, 1 Colo. Law Rep., 11.
See also construction of a similar statute by the Supreme Court of the Territory. Phelps v. Spruance, 1 Colo., 414.
The bill of exceptions does not purport to contain all the testimony; and for this reason also, we are precluded from reviewing the judgment upon the evidence. Gordon v. Darnell, 1 Colo. Law Rep., 204; Martin v. Force, 3 Colo., 199.
The foregoing rules of practice, however, only prevent our considering the evidence for the purpose of determining its sufficiency to sustain the judgment. We may still pass upon assignments of error resting on exceptions duly reserved at the trial to the admission or rejection of testimony, or to other rulings which are subject to review in this Court. Patten v. The Coen & Ten Broeke Co., 3 Colo., 265; The Colo. Springs Co. v. Hopkins, supra.
The action was brought upon a bill of exchange, by appel-lee against appellant and one Dickey. Appellee was the drawer thereof, and also the payee therein named; appellant and said Dickey were the drawees, and each endorsed thereon his unconditional acceptance in writing.
By so doing they became severally liable for the payment thereof; they occupy the same position as co-makers of a promissory note. Having voluntarily placed himself in this attitude, appellant could not plead a want of consideration for his acceptance. Anderson v. Anderson, 4 Dana, 352; Grant v. Ellicott, 7 Wend., 227; Nowak v. Excelsior Stone Co., 78 Ills., 307; Towsley v. Sumrall, 2 Peters, 183; Deinsey v. Loeb, 22 Ills., 393.
He could not invoke the rules controlling the liability of one who is an accommodation surety for the drawer of a bill of exchange, evei i if such rules are as claimed by counsel; for, as *96 above stated, appellee was also the payee, and the accommodation was not rendered to him, but to Dickey, appellant’s co-acceptor. As between Dickey and appellee, the proofs establish a good and sufficient consideration, to wit: an extension of time for payment of the debt for which the bill of exchange was given. 4 Dana, 352, supra; 7 Wend., 227, supra.
L. J. Laws and W. B. Mills, for appellant.
R. D. Thompson, for appellee.
These views as to the law dispose of the exceptions preserved during the trial to the rejection of the testimony. We will therefore not discuss them in detail.
There was no error in overruling the demurrer. The bill of exchange sued on is not expressly made payable at any particular place; and if it were, we think a fair construction of section 24 of the Code allowed appellee, who was plaintiff below, to bring suit in the county where he resided.
The judgment of the Court below must be affirmed.

Affirmed.