[No. 3647.]

## O'HAIRE v. BURNS ET AL.

1. APPELLATE PRACTICE—AMENDMENT.

A cause is at issue in the supreme court when the briefs are filed. After a cause is at issue, an application for leave to amend is not received with favor, and ordinarily will be denied, unless based upon matters occurring after the issues are made.

2. SAME—BILL OF EXCEPTIONS—AMENDMENT.

A bill of exceptions may be withdrawn for the purpose of applying to the trial court for an amendment thereto, but such application must be made in apt time and without unnecessary delay; and the granting of permission to withdraw the record does not determine the question of diligence where that question is reserved. An application to amend a bill of exceptions after the issues are made in the cause does not show due diligence and should be refused.

3. APPELLATE PRACTICE—FINDINGS OF FACT—CONCLUSIONS OF LAW.

Where the trial court makes special findings of fact, but thereon bases an order under a misapprehension of the law, the Supreme Court may ignore the erroneous legal conclusion and render such judgment as the findings authorize.

*Error to the District Court of El Paso County.*

*Motion to strike amendment of bill of exceptions from files.*

Mr. THOMAS MACON, Mr. C. J. HUGHES, Mr. BRANCH H. GILES and Messrs. VANATTA & CUNNINGHAM, for plaintiff in error.

Messrs. PATTERSON, RICHARDSON & HAWKINS, Mr. A. T. GUNNELL and Messrs. THOMAS, BRYANT & LEE, for defendants in error.

PER CURIAM. The record discloses that the original bill of exceptions in this case was filed April 30, 1896 ; that on November 13 following, plaintiff in error filed his brief ; that on the 19th day of December, the defendants in error filed theirs, in which the principal point made was, that plaintiff in error was not entitled to have the sufficiency of the evi-

dence to sustain the judgment rendered reviewed, for the reason that no exception had been taken to such judgment.

It also appears that on the 14th day of January, 1897, plaintiff in error applied to the district court, in which the cause was originally tried, for an order allowing an amendment of the bill of exceptions, so as to show that an exception was taken to the final judgment, which application was denied, apparently upon the ground that as the cause had been transferred to this court on error, the trial court no longer had jurisdiction. January 21, 1898, notices were sent to the respective parties, that the cause was set for oral argument on April 4, 1898. February 16, following, plaintiff in error filed motion for continuance, and for leave to withdraw original bill for the purpose of amendment, and on March 21, 1898, applied to this court for an order allowing him to withdraw the original bill of exceptions for the purpose of having the same amended, which order was granted; and thereafter, on the 4th of April, on due notice, applied to the trial court for an order, allowing the amendment to the original bill in the respect named, which application was granted, to which order defendants in error duly excepted, and now move to have such amendment stricken from the files.

From the proceedings had before the trial court, on the application for this amendment, it appears it was admitted that an exception was taken to the entry of the judgment in this case, at the time announced by the trial court; but defendants in error base their right to have the motion sustained upon the ground that plaintiff in error has been negligent in making his application. There does not appear to have been any attempt on the part of plaintiff in error to excuse his delay in not having applied for this amendment at an earlier date, and from the bill of exceptions filed by defendants in error, which state fully what occurred at the time of the application for this amendment, it appears the trial judge specially found that plaintiff had been negligent, but inasmuch as there was no question about the fact that an exception had been taken, granted the application, and the question

now to consider is, whether the motion should be sustained, or the judgment of the trial court, in allowing the amendment, reversed.

A cause is said to be at issue in this court when the briefs are filed. The issues to be argued and determined in this case were made up prior to the time when plaintiff in error took the first proper steps to procure an amendment to the bill of exceptions. It is well settled, that where the issues in a cause are once formulated, an application by either party for leave to amend is not regarded with favor by the courts, and ordinarily, will not be granted unless based upon matters occurring subsequent to the time when the issues were made, or the failure to insert the matters covering the proposed amendment is excused.

The object of a bill of exceptions is to make that a part of the record which was not theretofore such. Of necessity, there must be incorporated therein statements regarding the truth of which the memory of the court and those engaged in the case must be depended upon, and for that reason, there should be no unnecessary or unreasonable delay in settling exceptions. Unless parties are required to be diligent in this respect, delays would be common, and the time of the trial courts unnecessarily consumed in the determination of matters which should be rarely raised. An omission or error in a bill of exceptions is the act of the party tendering the same, and not of the court; and the rule in relation to amendments thereto is, therefore, different from that which obtains where it is sought to supply or correct a record order of the court. *Mich. Ins. Bank v. Eldred,* 143 U. S. 293. A bill of exceptions may be withdrawn for the purpose of applying to the trial court for an amendment thereto, but such application must be made in apt time, and without unnecessary delay, and so with the application to the trial court for such amendment; and this is the rule, regardless of whether or not there is any dispute before the trial court regarding the facts which it is sought to have incorporated in such amendment. It is argued, however, that this court determined the

question of diligence when the order permitting the withdrawal for the purpose of amendment, was granted. Such is not the case, as the determination of this question was reserved, if raised after the proposed amendment to the record was filed here. Where the trial court makes special findings of fact, the truth of which is conceded, but thereon bases an order under a misapprehension of the law, the supreme court may ignore the erroneous legal conclusion, and render such judgment as the special findings authorize. *Pleyte v. Pleyte*, 15 Colo. 44.

We think, on the facts disclosed by the record now before us, as well as on those established before the trial court on the application for leave to amend the bill of exceptions, it appears that plaintiff in error has wholly failed to exercise due diligence; and that the application should have been refused; and the motion to strike is, therefore, sustained.

*Motion sustained.*

CAMPBELL, C. J., not participating.