[No. 4197.]

JORALMON AS TRUSTEE ET AL. V. MCPHEE ET AL.

APPELLATE PRACTICE—SUPPLEMENTAL TRANSCRIPT.

A supplemental transcript will be allowed to bring up an order of the lower court made in the case after the case was at issue in the supreme court on appeal, allowing a receiver compensation for his services and making the award therefor à first and prior lien upon the property in question.

*Appeal from the District Court of Arapahoe County on Application to File Supplemental Transcript.*

Mr. T. J. O'DONNELL, Mr. MILTON SMITH, and Messrs. BENEDICT and PHELPS, for appellants.

Messrs. HARTZELL & STEELE, Mr. D. V. BURNS, and Messrs. WHITFORD, WHITFORD, and MAY, for appellees.

*Per Curiam.*—Application for leave to file a supplemental transcript of record. It appears that, after the appeal from the final judgment of the district court of Arapahoe county in the pending cause was perfected, the latter tribunal, under the provisions of Mills Ann. Code, § 163, appointed a receiver to collect the rents and preserve the property, which is the subject of the litigation, pending the appeal. After the cause was at issue here, the district court allowed the receiver compensation for his services and constituted the award therefor a first and prior lien upon the property in question. This is the order which appellants ask to have reviewed in connection with a review of the final judgment.

Counsel for the receiver in whose favor it was made oppose the application upon the grounds that thereby the attempt is made to have this court review a judgment independent of, and different from, the one from which the appeal was taken; and that it comes too late.

1.   The order thus sought to be brought up is not foreign to the cause in which final judgment was rendered. By express provision of our code, and under the decisions of this court, it may properly be reviewed in connection with a review of the final judgment itself.   Mills Ann. Code, § 398; *Schmidt v. Dreyer*, 21 Colo. 100.

2.   In *Martin v. Force*, 3 Colo. 199, it was held that after submission and judgment pronounced it was too late to apply for leave to amend the record, and

an Illinois case was cited holding that a suggestion of diminution, to enable the party to bring up a more perfect transcript of the record, after the term at which the cause was submitted, will not be entertained. In *O'Haire v. Burns*, 25 Colo. 158, upon an analogous question, it was said by Mr. Justice Gabbert, "where the issues in a cause are once formulated, an application by either party for leave to amend is not regarded with favor by the courts, and ordinarily, will not be granted unless based upon matters occurring subsequent to the time when the issues were made," etc.

But here the order complained of and sought to be brought up for review by supplemental tr nsc was not made until after the time when the ap was at issue in this court; and in the nature of an application for a supplemental transcript to l up such subsequent proceedings leading to the . could not have been made until after the proce ings were had. The motion will be granted, and appellants' abstract of the supplemental transcript and their briefs based upon the same must be filed within five days; the answering briefs of appellees within five days thereafter; and appellants' reply brief within two days after service of th answer.