On Petition for Rehearing.

Gunter, J.
Since the filing of the petition for a rehearing the original record, its abstract and the elaborate briefs herein have been with care re-examined. After such reconsideration we see no reason to change the conclusions reached in the former opinion.
If it .be conceded that the motion for a reinstatement of the case, heard and denied by the trial court, March 14, is a motion for a new trial as contemplated by the code section 387, and perforce this section is in the record, without its inclusion in the bill of excep *102 tions, which we do not hold, yet this does not bring rule 18 before us, or affect our former ruling.
The motion states, as one of the grounds for the ■reinstatement asked, that rule 18 under which the order of dismissal was made, is in violation of our civil code and the révised statutes of the United States, and recites therein what the mover claims to be a copy of the rule. The mere recital in a motion for a new trial of a fact as the ground of the motion is no evidence of the existence of the fact. The statement in this motion that it contains a copy of rule 18 is no evidence of the existence or contents of the rule. Suppose a motion for a ■ new trial recited newly discovered evidence as a ground therefor, and stated what it claimed were facts showing such ground, would the mere inclusion of this motion in the record by section 387, supra, be any evidence of the existence of such facts? We think not, and the courts have so ruled.
“There is no bill of exceptions showing that the court was requested to instruct in writing, and we cannot examine the question whether the instructions are or are not in writing. Recitals in a motion for a new trial cannot perform the office of a statement required to be incorporated in a bill of exceptions, nor can the recital of the clerk take the place of such a statement.”—Clouser v. Ruckman, Adm’r., 104 Ind. 588.
“It is well settled that unless objections to evidence are stated in the bill of exceptions, they cannot be considered on appeal. A party cannot by statements made in his motion for a new trial get evidence or objections stated to evidence into the record. The only way in which this can be done is by a bill of exceptions.”—Thompson et al. v. The Madison Building and Aid Association, 103 Ind, 279.
“A bill of exceptions was taken to the overruling *103 of a motion for a new trial. The motion for a new trial is copied into this bill. The motion so copied alleges that certain instructions were given, but the effect of this bill is only that the motion was filed and overruled, and not that the facts alleged in that motion existed.”—Herring v. State of Iowa, 1 la. 205; also Pharo v. Johnson, Executor, 15 la. 560.
We are justified in holding that there is no evidence before us of the contents of rule 18. Further, the order of March 14, denying the application to reinstate recites that the court in acting “was well advised in the premises.” As the facts upon which the court acted are in no manner before us for aught we know by this record the contents of the rule as claimed by plaintiff in error might have been disproved. But if for the purpose of this decision we assume the rule to be as the plaintiff in error contends, and to be before us, yet, no reason exists for a modification of the former opinion.
In Cone v. Jackson, 12 Colo. App. 461, 463; 55 Pac. 940, a rule in effect the same as the one under consideration was held legal. There the lower court after hearing evidence dismissed the case as under the rule. Later, plaintiffs appeared and moved to vacate the order of dismissal and to reinstate the cause. This motion on hearing was denied. In affirming the holding this court said:
“Motions of this character are addressed to the sound discretion of the trial court, and unless it manifestly appears that there has been an abuse of discretion, or that it has been arbitrarily exercised, this court cannot interfere. The burden is upon one who seeks the benefit of such a motion to show such abuse or arbitrary exercise of discretion.”
The legality of such a rule was reaffirmed in Hoy et al. v. McConaghy, 14. Colo. App. 372, 376; 60 Pac. 184. The case, however, was reversed on the *104 ground that the trial court violated the law in applying the rule. In the opinion it is said: “It appears, therefore, that in this action after the plaintiffs had gotten their cause to issue and done everything that was required of them by law, and without failure or negligence on their part to comply with any rules or order of court, the cause was dismissed.”
The rule herein was valid; the court had power to enforce it. We have not the facts to which the court applied the rule when it dismissed the case on March 9, nor have we the facts upon which the court acted in denying the reinstatement of March 14. We cannot say that the court in applying this rule abused its discretion or violated the law. Acting on the principle, “He who alleges error must make it affirmatively appear,” we adhere to the original opinion.— McKenzie v. E. R. Murphy and Mary M. Murphy, Administratrix, 29 Colo. 485.
Since the handing down of the original opinion plaintiff, in error has filed a petition for leave to supplement the record herein by filing a certified copy of the rules of the district court trying this cause containing a copy of rule 18. A sufficient reason for denying this application is, it comes too late. The case was transferred from the supreme court; the record lodged there July 5, 1899; the first brief August 5, 1899. Throughout the numerous briefs defendant in error has contended that the rule was not before us; plaintiff in error has insisted the contrary. There was ample warning of this question, and ample opportunity to amend the record before original ruling.—Martin v. Force, 3 Colo. 199; O’Haire v. Burns et al., 25 Colo. 158, 53 Pac. 326; Joralmon et al. v. McPhee et al., 29 Colo. 135, 66 Pac. 882.
Petition for rehearing denied.