[No. 4197.]

JORALMON ET AL. v. McPHEE ET AL.

**Receivers—Compensation—Notice—Allowance by Mistake.**

Where an order fixing the compensation of a receiver was made without notice to the parties in interest and under a mistaken impression on the part of the judge making the allowance that the receiver had served for a much longer time than he really had, the order will be set aside on appeal.

*Appeal from the District Court of Arapahoe County.*

*Opinion upon matters presented in supplemental abstract.*

Mr. T. J. O'DONNELL, Mr. MILTON SMITH and Messrs. BENEDICT & PHELPS, for appellants.

Messrs. HARTZELL & STEELE, Mr. D. V. BURNS and Messrs. WHITFORD, WHITFORD & MAY, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

During the pendency of the case of *McPhee et al. v. Joralmon et al.,* and on July 9, 1897, the judge of the district court appointed J. A. Fleming receiver of the property involved. On March 14, 1899, F. E. Gove was appointed receiver in the place of Fleming. July 2, 1900, Gove, having theretofore filed his report as such receiver, was discharged. January 7, 1901, Fleming filed application for compensation as receiver, and on the same day his compensation, in the sum of $317.00, was allowed and he was decreed a first lien upon the premises. January 23, 1901, application was made by T. J. and K. D. O'Donnell to set aside the order allowing compensation to the receiver, and on the 6th day of May, 1901, the motion was denied. On December 2, 1901, an order was made by this court granting the application of T. J. and K. D. O'Donnell for leave to file supplemental transcript.—*Joralmon v. McPhee,* 29 Colo. 135.

From the affidavits filed in support of the application to set aside the order allowing compensation to the receiver, it appears that the application for allowance was made *ex parte,* that the order was made on the morning of January 7, 1901, shortly before the final adjournment of the district court for the term; that about eleven o'clock of said day, the attorney of record for the receiver notified the attorney for T. J. and K. D. O'Donnell that the application for compensation would be made at two o'clock on the same day; that the court adjourned for the term shortly before twelve o'clock of that day; that the application was presented to the court by the receiver in person,

and not by attorney. The affidavit of Hon. Calvin P. Butler, the judge of the district court who granted the order allowing compensation, states that the receiver made verbal application on January 5, 1901, for an order allowing compensation; that affiant informed the receiver that he should notify T. J. O'Donnell of the application; that the receiver said that O'Donnell was not friendly to him and would not pay any attention to his demand; that thereafter, on January 7, 1901, shortly before the final adjournment of the court for the term, the receiver presented his petition for allowance; that the deponent was under the impression that said Fleming had acted as receiver of the property continuously from the time of his appointment until the receiver was finally discharged, and did not recall to mind, and was not informed by said Fleming, that Fleming had beeen discharged as such receiver and F. E. Gove appointed; and that, under such impression and without considering any testimony as to the value of the services except Fleming's own statement, the deponent made the order of allowance.

It also appears that the term of office of the said judge expired on the 7th day of January, 1901.

Had Judge Butler continued in office, he would undoubtedly have set aside the judgment because rendered through inadvertence and mistake. The judgment was rendered during the hurry of the last hours of his term of office, and before the hour fixed in the notice given by counsel. We are of opinion that the judgment should be set aside, thus affording the parties in interest an opportunity to be heard upon the question of the amount of compensation to be allowed the receiver.

*Reversed and remanded.*