Wilson, J.
Defendants Jackson and associates claimed to be the owners of the Grace lode mining claim, situate in the Cripple Creek mining district, and made application in the United States land office to secure a patent therefor from the government. Plaintiffs, as owners of the Golden Wedge lode mining claim, filed a protest within a proper time against the issuance of such patent, asserting a superior and prior right to a parcel of ground which was in conflict between the two lode claims. This suit was instituted in support of said protest, and to maintain the right to the possession of the ground in conflict, *462 and is therefore what is commonly designated as án “ adverse suit.” The complaint was filed in the office of the clerk of the district court of El Paso county on November 19, 1895. It was forwarded through the mail to the said clerk by the attorney for plaintiffs, together with the docket fee required. Upon the same day when the complaint was received, the-clerk issued a summons thereon, and delivered it to the sheriff. The summons was not served upon any of the defendants, and it does not appear from the record that any proceedings were had in the court in reference to the cause until November 28,1896, when defendants apjoeared specially, and filed a written motion for the dismissal of the cause under a rule of the court which reads as follows: “ Pule 20. Dismissal on Failure to Prosecute. Upon the calling of the docket at the commencement of each regular term without notice to either party, and in term time upon proper notice to the opposing party, all actions, suits and other proceedings in which no order of progress has been made and entered of record for the period of one year or more, shall be dismissed by the court for failure to prosecute, unless the court, for. good cause shown, shall otherwise direct.” The motion was supported by an affidavit of one of the defendants to the effect that at all times since the filing of the complaint, one of the defendants had been and was then a resident of the town of Victor in said El Paso county, and that two others of the defendants were residents during such time of the county of Arapahoe. Notice of the motion was served upon the attorney for the plaintiffs. Upon November 30, this motion coming up for hearing, was sustained by the court, and an order was entered that the cause be dismissed at the costs of plaintiffs, without prejudice. To this ruling of the court, plaintiffs excepted. On December I following, the plaintiffs appeared by their attorney and moved the court to vacate the order of dismissal, and to reinstate the cause. This motion coming on for hearing was denied by the court, and judgment for costs entered up against the plaintiffs. From this plaintiffs appeal.
*463 Courts of record have not only the inherent power to make and enforce rules for the transaction of their business, but they are specially invested with this power by statute. Code, § 407. Town of Trinidad v. Simpson, 5 Colo. 65. The only restriction upon this power is that the rules shall be reasonable, and shall not contravene a statute. The rule in question is clearly not obnoxious to either of these limitations. On the contrary, it is a most salutary regulation, and one which is very necessary to be enforced, not only for the protection of the rights of defendants, but for the protection of the court itself against having its docket overburdened with frivolous suits and causes without merit. Its enforcement prevents the court from being used in some cases as an effective though innocent instrument of oppression and extortion. Especially is the enforcement of such a rule demanded with reference to causes like those hi question. One of the chief and most profitable industries of the country is mining, and it is a matter of public policy that it should receive every possible encouragement consistent with law, and with due regard to the rights of parties. With this view, it is to the interest not only of the state but of the parties concerned, that controversies in regard to the rights of possession or ownership of mining property should be speedily determined. The diligent miner, who has faithfully complied with the laws of the state and of the United States, should not be retarded in his honest efforts to acquire title to his property, by the institution of adverse suits which are not prosecuted with some degree of diligence. We make these general remarks solely with reference to the necessity of this rule, and not with the slightest purpose of intimating that the adverse suit in question was one without merit. As to this, we have no knowledge whatever, and of course do not wish to be understood as expressing any opinion.
Motions of this character are addressed to the sound discretion of the trial court, and unless it manifestly appears that there has been an abuse of discretion, or that it has been arbitrarily exercised, this court cannot interfere.' The burden is upon one who seeks the benefit of such a motion to show *464 such abuse or arbitrary exercise of discretion. It is also true that district courts being those of general jurisdiction are presumed to have complied with their own rules of practice, unless the contrary is clearly shown. McClure v. Sandford, 3 Colo. 518.
The question as to whether or not the neglect or want of diligence of plaintiffs was of such an excusable character as to entitle them to the relief asked was one of fact, and it was determined adversely to them by the court. This should have great weight with this court, and an examination of the affidavits upon which the hearing was had, satisfies us that there was not only no abuse or arbitrary exercise of discretion in the action of the court, but that it was correct. An attempt was made to show that it was the negligence of the sheriff and not of the parties which occasioned the nonservice of the summons. We do not think that this was at all satisfactorily shown. It was also sought to be claimed that the delay was occasioned by an inability to ascertain the places of residence of the defendants. Neither of these excuses is sustained by a consideration of the affidavits. The strongest showing made in reference to the first contention is by plaintiffs ’ attorney, who alleges in his affidavit that in 1896, shortly after the sheriff entered upon the duties of his office, which must have been, therefore, in January of that year, he visited the sheriff’s office, and found a person, not the sheriff, in charge, of whom he made inquiry as to the service of said summons, and whom he informed that service was desired to be had; that he then offered to pay the fees for the service of the summons, and was informed that it was not then known how much the fees would amount to, because it was not known where the defendants resided. Nine or ten months elapsed thereafter, and yet it is not shown that during that time any further effort was made by or on behalf of plaintiffs to secure service of summons. No further inquiry was made of, or instructions given to the sheriff, and no further attempt was made to ascertain from the sheriff what the amount of his fees would be, nor to tender them to him. On the contrary, *465 it appears from the affidavits on behalf of defendants that one of them, Carlson, resided during all of the time at the town of Victor; that his address was so given in the published notice of application for patent; that he was engaged in business and well known in said town; that he was personally acquainted with and frequently saw two of the plaintiffs, who resided in a neighboring town in said district; that the sheriff was well acquainted with him; that upon one occasion he made inquiry at the sheriff’s office as to whether or not it was intended to serve said summons, and was informed by the underslieriff that the office had received instructions to hold the summons without service until further notice; that thereafter, as late as October, 1896, he had made inquiry of the sheriff himself as to said summons, and was informed that he had not yet received any further notice or directions as to its service.
Under these circumstances we think that the action of the court was manifestly not an abuse of discretion, and was in accord with a wholesome rule of court, and its judgment will not be disturbed.

Affirmed.