### [No. 1695.]
### HOY ET AL. v. McCONAGHY.

1. PRACTICE—DISMISSALS—RULES OF COURT.

Under a rule of court providing that " upon the call of the docket at the commencement of each regular term, without notice to either party, and in term time upon proper notice to the opposing party, all actions, suits and proceedings in which no order of progress has been made or entered of record for the period of one year or more shall be dismissed by the court for failure to prosecute, unless the court for good cause shown shall otherwise direct," a case regularly brought to issue cannot be dismissed until it is regularly reached upon the calendar for trial, even though no order may have been made or entered in the case for more than a year.

2. SAME.

After a cause is at issue, the code itself, sections 175 and 176, provides how and when it shall be brought to trial or dismissed and a rule of court cannot deprive a party of his right to rely upon the code.

3. SAME.

A rule of court providing for the dismissal of cases for want of prosecution can only be enforced against a party for a failure to perform, within the prescribed time, some act required of him by law.

*Appeal from the District Court of El Paso County.*

Mr. JOHN S. HUNT and Messrs. WALDRON & DEVINE, for appellants.

Mr. ALBERT E. PATTISON of counsel.

Mr. WILLIAM C. ROBINSON, for appellee.

WILSON, J.

This is what is commonly called a mining adverse suit, and was commenced in the district court of El Paso county by the appellants, as plaintiffs. Summons was served; complaint, answer and replication filed, and the cause was brought finally to issue on August 8, 1896. Thereafter, no action seems to have been had, nor order made in the case, or in reference thereto, until the lapse of about fourteen months, when the defendants moved the court to dismiss the action at plaintiff's cost, under the terms of a rule of the court, which reads as follows:

"Rule 20. Dismissal on Failure to Prosecute. Upon the call of the docket at the commencement of each regular term, without notice to either party, and in term time, upon proper notice to the opposing party, all actions, suits and other proceedings in which no order of progress has been made and entered of record for the period of one year or more, shall be dismissed by the court for failure to prosecute, unless the court, for good cause shown, shall otherwise direct."

After notice to the plaintiffs, a hearing was had upon the motion, both parties appearing, and the suit was dismissed. From this order or judgment of dismissal, plaintiffs appealed.

In *Cone et al. v. Jackson et al.*, 12 Colo App. 461, we

had occasion to consider this identical rule of court and pass upon it with reference to its application in the case then presented. We there held that courts of record have power to make and enforce rules for the transaction of their business, the only restriction upon such power being that the rule shall be reasonable and shall not contravene a statute. And we further held that the rule in question was not obnoxious to either of these limitations. It is, of course, manifest that these views were expressed by the court solely with reference to the enforcement of the rule upon the facts, and in the case then under consideration. Under no stretch of the imagination could it be said that we held a court could apply such rules to every other case and to every other state of facts which might be supposed, and enforce it. The facts in that case were, that for more than twelve months after the filing of the complaint, there had been gross and inexcusable failure on the part of the plaintiffs to secure even service of summons upon the defendants, or any of them. It is quite a different case from that here presented, in that the cause was not at issue, and the failure of the plaintiffs, upon which the judgment of dismissal was founded, was in the not doing of something which it was within their power, and was their duty to do. In this the rule is invoked and attempted to be enforced after the cause is at issue, and the motion is not based upon the failure of plaintiffs to do anything which it was in their power or their duty to do. It does not appear from the record that appellants had failed during the preceding fourteen months to take any action which by law they were required to take, or even might have taken.

Section 175 of the code provides that, " The clerk shall enter causes upon the calendar of the court according to the date of issue, unless for good cause shown the court shall otherwise order."

The succeeding section (176) provides that, " When a cause is regularly reached upon the calendar, either party may bring the issue to a trial or to a hearing, and in the absence of the adverse party, unless the court for good cause otherwise di-

rect, the party appearing may proceed with his case and take a finding, verdict or judgment or dismissal of the action as the case may require."

These provisions of the code would seem of themselves to regulate the further procedure in a cause after it came to issue, without any intervention of the parties themselves, or either of them. In this case, it does not appear that the cause was ever reached on the docket, or called for trial, and presumably it was not; otherwise, the defendant—the plaintiffs not appearing—could have promptly secured its dismissal under the provisions of section 176 just quoted, or of section 166.

After this cause, therefore, came to issue in August, 1896, there was no further duty or obligation in respect to it resting upon these plaintiffs, except to be ready for trial when it was reached in its regular order upon the calendar, or under the provisions of any lawful rule of court, if such there was, fixing its time of trial. After issue joined, the law itself prescribed what should be done, and no duty was imposed upon plaintiffs. Even if there had been a rule of court, as has been suggested—although nothing of the kind appears in the record—under which the plaintiffs might have applied for and secured an order fixing the time of trial earlier than would have been the case if they had waited for its being regularly reached on the calendar, we are not inclined to the opinion that it was their duty to avail themselves of this privilege. In any event, we are clearly of the opinion that, even had such rule existed and been within the lawful exercise of the power of the court, the failure of plaintiffs to avail themselves of the privilege which such a rule gave them would not justify the enforcement against them of the penalty prescribed in Rule 20. Notwithstanding such a rule, the plaintiffs might, if they saw fit, have relied upon the provisions of the code in reference to the time of trial, and have waited until the cause was regularly reached on the calendar.

Besides, such a rule as is suggested extended to defendant equally with plaintiff the privilege, upon application, of hav-

ing the case set for trial. If there was a failure of plaintiff to avail himself of the rule, there was equally a failure on the part of defendant, and the latter could not be permitted to ask the enforcement of a penalty against the former for negligence of which he himself was equally guilty.

Under code section 175, the court might, upon good cause shown, have directed that this cause be placed upon the calendar for trial at a time earlier than would have been the case otherwise, but no such order was made, nor was there any application for it by defendant. It appears, therefore, that in this action, after the plaintiffs had gotten their cause to issue and done everything that was required of them by law, and without failure or negligence on their part to comply with any rules or order of the court, the cause was dismissed. If this can be upheld, then courts would be invested with the most extraordinary power which they could arbitrarily exercise with most disastrous consequences. There might be a crowded and congested condition of the docket, so that it would be impossible for a cause to be reached in its regular order for more than a year, and the plaintiff while relying upon the plain provision of law as to the time for the trial of his cause, and waiting patiently for that time to arrive, would find that, without fault or negligence on his part, his cause had no further standing in court. A litigant cannot be deprived of his rights in this summary and arbitrary manner.

We are still of the opinion that the rule is valid and in many cases proves a most salutary one, but we are equally clear that the penalty there imposed can only be enforced against a party for a failure to perform within the prescribed time some act required of him by law.

It is suggested by counsel for appellee that the federal statute which gives rise to this character of suits—that is to say, which requires a suit to be instituted in support of an adverse—provides that the suit shall be prosecuted, with reasonable diligence, to final judgment, and that a failure to do so will be a waiver of his adverse claim. Whether or not

this provision has any application to the mode of procedure which shall be followed in the state court, it is not necessary for us to determine. Conceding that it has application, it certainly cannot require that the state court shall proceed with any more diligence than is required by the state law which prescribes its rules of procedure in the causes pending before it.

For these reasons, we conclude, without hesitation, that the judgment on which this appeal is had must be reversed.

It will be so ordered, and also that the cause be remanded to the trial court, with instructions to reinstate it upon its trial calendar.

*Reversed.*