---

[No. 4448.]

MᴄKᴇɴᴢɪᴇ ᴠ. Mᴜʀᴘʜʏ ᴇᴛ ᴀʟ.

1. APPELLATE PRACTICE—BILLS OF EXCEPTIONS.

If for any reason a bill of exceptions is defective, or cannot be considered, a motion to strike out would be proper but it would not be ground for a motion to dismiss the appeal, as appellant would still be entitled to have his appeal heard upon matters disclosed in the record proper.

2. Appellate Practice—Motion to Dismiss Appeal—Record Presumption.

On motion to dismiss an appeal on the ground that the time for filing the appeal bond and tendering bill of exceptions was extended with out notice to appellee, where it appears from the record as certified that the orders extending the time were granted upon the application of appellant and it does not affirmatively appear whether or not notice of the application was given appellee, it will be presumed that appellee had due notice, and affidavits to the contrary will not be considered, but appellee will be given leave to apply to the lower court to amend the record so as to show, if such is the fact, that the orders extending the time were obtained *ex parte*.

*Appeal from the District Court of El Paso County.*

*On motion to dismiss appeal.*

Mr. A. F. Woodruff and Mr. Robert Kerr for appellant.

Mr. W. S. Morris for appellees.

*Per Curiam.*—On date judgment was rendered in the court below, appellant prayed an appeal to this court, and was granted time within which to file his appeal bond, and tender bill of exceptions. Subsequently he obtained orders extending this time. His bond was filed and bill of exceptions tendered within the time thus fixed. Appellees now move to dismiss the appeal because, it is said, the latter orders were obtained *ex parte*. For the purpose of showing such orders were *ex parte*, an affidavit so stating is filed. The motion to dismiss because the bill of exceptions was not tendered in time is not well taken. If for any reason the bill of exceptions is defective, or cannot be considered, a motion to strike might be entertained, but appellant would still be entitled to have his appeal heard upon matters disclosed by the record proper. It appears from the record as certified that the orders extending time for filing bond and tendering bill were granted on the application of appellant. Whether or not notice of the application for such orders was given appellees, does not affirmatively

appear.  Every intendment is in favor of the regularity of the proceedings of a court of record, and we must presume that appellant had due notice of these applications, if such notice is required, when the record does not disclose anything to the contrary.  We cannot consider affidavits the purpose of which is to add to, or detract from, the record certified to us by the clerk of the trial court.

The motion to dismiss is denied, with leave to appellees to apply to the court below to amend the record so as to show, if such is the fact, that the orders extending the time within which to file the appeal bond and tender the bill of exceptions, were obtained *ex parte*.  The trial court should entertain and determine such motion upon due notice to appellant, notwithstanding the case has been removed to this court on appeal.  Upon the determination of such motion and the record then made being properly preserved and authenticated, the motion to dismiss may be renewed or such other motion made upon due notice to appellant as counsel may be advised.

*Motion denied.*