[No. 1933.]

## CARNAHAN v. CONNOLLY.

**1. Appellate Practice—Bills of Exception.**

Where an action was dismissed under a rule of court for want of prosecution, and the bill of exceptions contains neither the rule nor the facts upon which the court acted in ordering the dismissal, an assignment of error based upon the order of dismissal will not be considered.

**2. Practice—Dismissal—Notice—Waiver—Appearance.**

Where the court of its own motion called a case as within a rule for dismissal for want of prosecution, and plaintiff's counsel had case set for hearing on question as to whether or not it should be dismissed, and voluntarily appeared at such hearing and without objection went into the trial of the question, he waived objection that no notice was served upon him.

**3. Appellate Practice—Judgments—Presumption of Regularity.**

On appeal a judgment of a court of general jurisdiction having jurisdiction of the subject-matter and parties, and power to enter the judgment in question, is presumed to be regular in every respect unless the contrary appears from the record.

**4. Practice—Adverse Suits—Dismissal.**

The dismissal of an adverse suit without a verdict is not obnoxious to section 2326, U. S. Rev. Stats., which provides that, if title is not established in either party, the jury shall so find.

**5. Appellate Practice—Bills of Exception—Rules of Court—Motion for New Trial.**

Where a case was dismissed under a certain rule of court, the court rule cannot be brought before the appellate court for review by including a copy thereof in a motion for new trial and incorporating the motion in the bill of exceptions. The statement in the motion that it contains a copy of the rule is no evidence of the existence or contents of the rule.

**6. Appellate Practice—Rules of Trial Court—Dismissal—Presumptions.**

A rule of the trial court providing for the dismissal of causes for failure of prosecution is valid and the court has power to enforce it. And where the facts to which the court applied the rule in dismissing a case are not before the appellate court it cannot say that the trial court abused its discretion or violated the law in applying the rule.

**7. Appellate Practice—Supplemental Record.**

Leave will not be granted to a party to file a supplemental record, after the case has been decided and pending a motion for rehearing to bring before the court a rule of the trial court where the briefs of the adverse party contended that the rule was not before the court and the party making the request had ample warning of the contention that the rule was not in the record and ample opportunity to amend the record before the cause was determined.

*Error to the District Court of Lake County.*

Mr. Charles J. Hughes, Jr., and Mr. John M. Maxwell, for plaintiff in error.

Messrs. Thomas, Bryant & Lee, for defendant in error.

Mr. A. S. Blake, of counsel.

Gunter, J.

March 5, 1895, complaint in adverse suit filed in district court of Lake county, 23d of same month defendant's demurrer. March 7, 1898, cause called by court as within rule for dismissal for want of prosecution. On motion of plaintiff's then counsel question whether case should be dismissed for want of prosecution under rule 18 of said court set for hearing at 2 o'clock p. m. March 8, 1898. Hearing had, plaintiff and defendant appearing by respective counsel, evidence and argument heard. Court found case should be dismissed and entered judgment in which appears: "It is ordered by the court that this case be and the same hereby is dismissed for want of

prosecution under rule 18 of the rules of this court, no good cause having been shown to the court why the same should not be dismissed." To this ruling an exception saved in bill of exceptions. (Folio 73, record.) Motion for reinstatement heard and denied March 14, 1898. Exception to order preserved in bill of exceptions. (Folio 75, record.)

Plaintiff assigns errors in above orders of March 9 and 14.

1. A ruling upon the motion to strike the bill of exceptions is unnecessary, for the purpose hereof it will be considered a part of .the record. So assumed, the case for review is:

The district court after full hearing, all parties in interest voluntarily present, dismissed the above cause for lack of prosecution under rule 18 of that court. A motion for reinstatement was thereafter entertained and after full hearing, all parties in interest present, was denied. Rule 18 not being preserved in the bill of exceptions is not before us.— *Illinois Cent. R. R. Co. v. Haskins,* 115 Ill. 300; *Harrigan v. Turner,* 53 Ill. 292; *Anderson v. McCormack,* 129 Ill. 308; Encyclopedia Pleadings and Practice, vol. 3, 387.

The facts upon which the court acted in ordering the dismissal are not before us, not being preserved by bill of exceptions; so with the facts upon which it acted in denying the reinstatement.

A ruling upon the question whether written notice to plaintiff was required by the code of the court's action in calling this case upon its own motion under the rule is not necessary, because if such notice was necessary it was waived by counsel for plaintiff voluntarily having the matter set when called, and appearing without objection on the day so set, and going into the trial of the question whether the case should be dismissed for lack of prosecution under the

rule. Taking such matter up without notice, if error, was but an irregularity which could be waived.— *Greig v. Clement et al.,* 20 Colo. 167, 37 Pac. 960; *Archibald et al. v. State of Tenn.,* 8 Heiskell, 871; *Rich v. Starbuck,* 45 Ind. 310.

The case is reduced to this: A judgment of a court of general jurisdiction, having jurisdiction of the subject-matter, of the parties and power to enter the judgment in question, is assailed for error; wherein the error consists we are not informed by the record. This judgment is presumed to have been regular in every respect unless the contrary appears in the record.—*Andrews v. Carlile,* 20 Colo. 372, 38 Pac. 465; *Martin v. Force,* 3 Colo. 199.

2. The contention that the dismissal of this case without a verdict is obnoxious to section 2326, Revised Statutes of the United States, has been denied by our supreme court in *Kirk et al. v. Meldrum et al.,* 28 Colo. 453, 65 Pac. 633.

As the judgment below is presumed to have been regular in every respect, and as this presumption has not been overcome by the record it will be affirmed.

*Affirmed.*

### On Petition for Rehearing.

GUNTER, J.

Since the filing of the petition for a rehearing the original record, its abstract and the elaborate briefs herein have been with care re-examined. After such reconsideration we see no reason to change the conclusions reached in the former opinion.

If it be conceded that the motion for a reinstatement of the case, heard and denied by the trial court, March 14, is a motion for a new trial as contemplated by the code section 387, and perforce this section is in the record, without its inclusion in the bill of excep-

tions, which we do not hold, yet this does not bring rule 18 before us, or affect our former ruling.

The motion states, as one of the grounds for the reinstatement asked, that rule 18 under which the order of dismissal was made, is in violation of our civil code and the revised statutes of the United States, and recites therein what the mover claims to be a copy of the rule. The mere recital in a motion for a new trial of a fact as the ground of the motion is no evidence of the existence of the fact. The statement in this motion that it contains a copy of rule 18 is no evidence of the existence or contents of the rule. Suppose a motion for a new trial recited newly discovered evidence as a ground therefor, and stated what it claimed were facts showing such ground, would the mere inclusion of this motion in the record by section 387, *supra,* be any evidence of the existence of such facts? We think not, and the courts have so ruled.

"There is no bill of exceptions showing that the court was requested to instruct in writing, and we cannot examine the question whether the instructions are or are not in writing. Recitals in a motion for a new trial cannot perform the office of a statement required to be incorporated in a bill of exceptions, nor can the recital of the clerk take the place of such a statement."—*Clouser v. Ruckman, Adm'r.,* 104 Ind. 588.

"It is well settled that unless objections to evidence are stated in the bill of exceptions, they cannot be considered on appeal. A party cannot by statements made in his motion for a new trial get evidence or objections stated to evidence into the record. The only way in which this can be done is by a bill of exceptions."—*Thompson et al. v. The Madison Building and Aid Association,* 103 Ind. 279.

"A bill of exceptions was taken to the overruling

of a motion for a new trial. The motion for a new trial is copied into this bill. The motion so copied alleges that certain instructions were given, but the effect of this bill is only that the motion was filed and overruled, and not that the facts alleged in that motion existed.''—*Herring v. State of Iowa,* 1 Ia. 205; also *Pharo v. Johnson, Executor,* 15 Ia. 560.

We are justified in holding that there is no evidence before us of the contents of rule 18. Further, the order of March 14, denying the application to reinstate recites that the court in acting ''was well advised in the premises.'' As the facts upon which the court acted are in no manner before us for aught we know by this record the contents of the rule as claimed by plaintiff in error might have been disproved. But if for the purpose of this decision we assume the rule to be as the plaintiff in error contends, and to be before us, yet, no reason exists for a modification of the former opinion.

In *Cone v. Jackson,* 12 Colo. App. 461, 463; 55 Pac. 940, a rule in effect the same as the one under consideration was held legal. There the lower court after hearing evidence dismissed the case as under the rule. Later, plaintiffs appeared and moved to vacate the order of dismissal and to reinstate the cause. This motion on hearing was denied. In affirming the holding this court said:

''Motions of this character are addressed to the sound discretion of the trial court, and unless it manifestly appears that there has been an abuse of discretion, or that it has been arbitrarily exercised, this court cannot interfere. The burden is upon one who seeks the benefit of such a motion to show such abuse or arbitrary exercise of discretion.''

The legality of such a rule was reaffirmed in *Hoy et al. v. McConaghy,* 14 Colo. App. 372, 376; 60 Pac. 184. The case, however, was reversed on the

ground that the trial court violated the law in applying the rule. In the opinion it is said: "It appears, therefore, that in this action after the plaintiffs had gotten their cause to issue and done everything that was required of them by law, and without failure or negligence on their part to comply with any rules or order of court, the cause was dismissed."

The rule herein was valid; the court had power to enforce it. We have not the facts to which the court applied the rule when it dismissed the case on March 9, nor have we the facts upon which the court acted in denying the reinstatement of March 14. We cannot say that the court in applying this rule abused its discretion or violated the law. Acting on the principle, "He who alleges error must make it affirmatively appear," we adhere to the original opinion.—*McKenzie v. E. R. Murphy and Mary M. Murphy, Administratrix,* 29 Colo. 485.

Since the handing down of the original opinion plaintiff in error has filed a petition for leave to supplement the record herein by filing a certified copy of the rules of the district court trying this cause containing a copy of rule 18. A sufficient reason for denying this application is, it comes too late. The case was transferred from the supreme court; the record lodged there July 5, 1899; the first brief August 5, 1899. Throughout the numerous briefs defendant in error has contended that the rule was not before us; plaintiff in error has insisted the contrary. There was ample warning of this question, and ample opportunity to amend the record before original ruling.—*Martin v. Force,* 3 Colo. 199; *O'Haire v. Burns et al.,* 25 Colo. 158, 53 Pac. 326; *Joralmon et al. v. McPhee et al.,* 29 Colo. 135, 66 Pac. 882.

Petition for rehearing denied.