[No. 4043.  Decided May 13, 1902.]

NETTIE BLAKNEY, *Respondent,* v. SEATTLE ELECTRIC COMPANY, *Appellant.*

28  607
35  238
28  607
e37  503

STREET RAILWAY — INJURY TO PASSENGER — NEGLIGENCE — SUFFICIENCY OF EVIDENCE.

In an action against a street railway company to recover for injuries received while a passenger on one of the defendant's cars, where the negligence alleged was in suddenly starting the

car so as to throw plaintiff from the platform, the plaintiff should
be non-suited when the evidence shows she attempted to alight
from the car while it was in motion, without having notified the
conductor of her desire to get off, and was thrown or fell upon the
street; all the testimony, aside from that of plaintiff, being that
there was no sudden starting of the car sufficient to throw a pas-
senger from the platform.

Appeal from Superior Court, King County.—Hon.
GEORGE MEADE EMORY, Judge. Reversed.

*Struve, Allen, Hughes & McMicken,* for appellant.

*Remsberg & Simmonds,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant operates an electric
street car line in the city of Seattle. The respondent
brought this action against it to recover for personal in-
juries received by her while a passenger upon one of its
cars. The respondent testifies that she entered the car at
Fremont, intending to ride from thence to the intersection
of Third and Pike streets; that the car did not stop at
Third and Pike streets, and she was carried on further
towards the business portion of the city. She says that as
the car approached the intersection of Spring and Second
streets she looked for the conductor, and saw him in the
front part of the car, collecting fares, but, as there were
people standing in the aisle, she was unable to attract his
attention; that she then determined to ride to the next
street,—Madison,—where she knew the car always stopped
because of the intersection of another railway line; that
as the car continued to approach Spring street it was
slowed down, and, thinking it was going to stop, she left
her seat, and went to the rear platform, intending to alight
when the car came to a full stop; that after she reached
the platform the car started with a jerk, and that is all she

remembers until she felt some one picking her up from the pavement in the street.  She admits that she did not notify the conductor of her place of destination, and that she gave him no notice that she desired to alight at Spring street. While she denies that she was in the act of leaving the car at the time the car jerked, she admits that a man got off the car just ahead of her, and that she was preparing to alight, but does not remember the particular part of the platform on which she was standing at the time she fell, nor does she know at what place in the street she fell. To prove the manner in which the car was operated at the time, she called the motorman, who, at some time previous to the trial, had left the employment of the appellant company.  He testified that as the car approached Spring street he threw off the current, applied the brakes, and slowed down the car, so as to be able to stop at Spring street in case he received a bell so to do ; that as he got well across, but while yet in the street, and receiving no bell to stop, he loosed the brakes and allowed the car to roll towards the next street, where he was required to stop.  He says further that there was no considerable grade at that place, that there was no increase in the speed of the car, and that it was going at the rate of about three miles an hour.  Another witness called by respondent, who was standing on the platform at the time she fell, says, in his direct examination, that the car had pretty nearly stopped when the respondent reached the platform; being asked to state what then happened, he answered, "Well, the car started up and she fell off, that is all."  On cross examination he said she had reached the step of the car, and was stepping off to the ground, when the accident happened.  Still another witness called by her says he was standing on the front platform at the time of the accident; that the car,

39—28 WASH.

as it approached Spring street, was slowed down to about three miles an hour; that there was but little grade between Spring and Madison streets, and that there was no jerk or increase in the speed of the car between those places. He also says he saw the respondent as she was getting up from the pavement where she had fallen, and that this was in front of a certain store, which is conceded to be midway between Spring and Madison streets. It was in evidence also that the car was a large one, some forty feet in length, and was carrying at the time about 80 passengers, many of whom were standing, occupying not only the aisle of the car, but the front and the rear platforms as well. This is, in substance, all of the evidence of the respondent, except as to injuries and damages suffered. On the part of the appellant it was shown, and it stands in the record uncontradicted and unquestioned, that the appellant did not fall at the crossing of Spring street, but a point near the middle of the next block, at least 120 feet distant from Spring street. All of the appellant's witnesses who testify on the question, support the statement of the motorman and the other witness of the respondent to the effect that there was no jerk, or sudden starting, or increase of the speed of the car after it entered Spring street until it stopped at Madison; one saying that it went on easily,— not faster than a good walk. Four of these witnesses, who were in a position to see the accident, also support the statement of respondent's witness to the effect that she was in the act of getting off the car when she fell, saying that she did not step off the car properly, falling on stepping to the ground. A witness who got off the car just in front of her, and another who followed immediately after her, both say that she stepped directly out from the car on getting off, and fell over in the direction the car was going.

This also agrees with her own statement to the effect that she fell on her side in the direction the car was going. At the conclusion of all the testimony the appellant challenged the sufficiency of the evidence to entitle the respondent to recover, and moved the court to withdraw the case from the jury and enter judgment for the appellant. The challenge and motion were overruled by the court, whereupon the case was submitted to the jury, which returned a verdict for the respondent. The ruling of the court in this behalf is assigned as error.

In order for the respondent to recover of the appellant for her injuries, it was incumbent upon her to allege and prove some act of negligence on its part, and that such act of negligence was the proximate cause of her injuries. In her complaint she alleges this act of negligence to be the sudden starting of the car upon which she was riding, throwing her from a position thereon where she had a right to be to the ground. Laying aside the respondent's own statement, it is plain that there is nothing in the evidence which even remotely tends to support this allegation. The witness whose language we quote from does not do so. Taken altogether, his statement is that the car increased its speed while the respondent was in the act of stepping from car step to the ground, and that these acts, combined, were the cause of her fall; not that she was thrown from the platform of the car, or from the car step, because of the accelerated motion of the car. It need not, of course, be argued that a woman of mature years and discretion cannot recover from a street car company for injuries received by her while attempting of her own volition to alight from one of its cars while the same is in motion; nor need it be argued that it is not negligence *per se* to increase the speed of a car, nor that it is not neg-

ligence to do so when a passenger is in the act of alighting therefrom unless the car company knows, or could, by the exercise of reasonable diligence, have known, of that circumstance; and this latter was neither within the issues nor the proofs of this case. There is, therefore, no evidence of negligence on the part of the street car company, unless effect is to be given to the inference which might be drawn from the respondent's own statement. She says that when she reached the rear platform of the car the car started with a sudden jerk, and that she remembers nothing more until she was being picked up from the pavement. From this, as we say, an inference might be drawn that she was thrown from the rear platform by a sudden jerk of the car. But there is here no room to draw such an inference. It was shown, not only by her own witnesses, but by the unquestioned proofs of the whole case, that the accident did not happen in that way. The proofs are that she was attempting to alight from the car while it was in motion, and was thrown while making the attempt. An inference of fact—that is to say, that a certain fact followed from other facts proven—has the weight of positive evidence only when the inference sought to be drawn is the natural and necessary result of the other facts shown, and when to deny the inference is to deny the facts from which it is deduced. When it is only the probable result of the facts shown, and the plaintiff shows by his own testimony that the fact that might be inferred from the other facts did not occur, recovery must be had, if recovery be had at all, upon the facts shown. It cannot be had upon inferences of fact contrary thereto. We have not overlooked the statement of the respondent to the effect that she did not intend to get off the car while it was in motion. The proofs, however, are not aided by this statement. It must

be remembered that she was testifying concerning her intentions between the time she left her seat and the time the car jerked. She does not say that she did not afterwards intend differently, nor could she consistently do so, for the period of time between the jerk of the car and the time she was picked up from the pavement is covered by her lapse of memory. We say "lapse of memory," because it is not shown, nor even contended, that she did not at all times have the full possession of her faculties.

We conclude, therefore, that there was no evidence of negligence entitling the respondent to recover. The judgment is reversed, and the cause remanded, with instruction to grant the motion.

REAVIS, C. J., and HADLEY, DUNBAR, ANDERS, MOUNT and WHITE, JJ., concur.