[No. 2315.]

## RAWLINGS ET AL. v. CASEY.

1. **Mines and Mining—Adverse Suits—Filing Adverse—Pleading.**

In an adverse suit it is not necessary to allege in the complaint that the adverse claim was filed in the land office within sixty days from the commencement of publication of notice of application for patent.

2. **Appellate Practice—Bills of Exception—Rules of Court.**

In the absence of a bill of exceptions the rules of the trial court and the facts upon which the court acted in dismissing an action for the violation of such rules and in subsequently reinstating the cause, are not before the appellate court, and

it will be presumed that the court below acted rightly in rein-
stating the case.

**3.  Pleading—Striking Out—Amendment—Waiver.**

Error committed in striking out certain paragraphs of an
answer is waived by filing an amended answer.

**4.  Same—Appellate Practice.**

Alleged error committed in striking out part of the original
answer, where an amended answer was filed, will not be con-
sidered by the appellate court unless the amended answer is
included in the abstract of record.

*Appeal from the District Court of Teller County.*

Mr. GEO. SALISBURY, for appellants.

Mr. W. O. TEMPLE and Mr. S. D. CRUMP, for
appellee.

GUNTER, J.

This was an adverse suit.  Judgment for plain-
tiff.

1.  The complaint does not aver that the adverse
claim was filed in the land office within sixty days
from the commencement of publication of notice of
application for patent.  It is said that in this the
complaint fails to state facts sufficient to constitute
a cause of action.

We have decided such averment unnecessary to
the complaint stating a cause of action.—*Pa. Min. Co.
v. Bales,* 18 Colo. App. 108, 70 Pac. 444.

2.  The court below dismissed the case for vio-
lation of one of its rules.  Later, upon hearing, it
reinstated the case.  This is assigned for error.  The
case is here without a bill of exceptions.  The rule
of court, and the facts upon which the court acted
in the dismissal and reinstatement, are not before us
in the absence of a bill of exceptions.—*Carnahan v.
Connelly,* 17 Colo. App. 98, 68 Pac. 836.

"Every intendment is in favor of the regularity

of the proceedings of a court of record."—*McKenzie v. Murphy,* 29 Colo. 485, 487.

We must presume that the court below acted rightly in reinstating the case.

3. It is contended that error was committed in striking out three paragraphs of the original answer. Later an amended answer was filed. The filing of the amended answer waived error, if any, in sustaining the motion to the original answer.—*Travelers' Ins. Co. v. Redfield,* 6 Colo. App. 196, 40 Pac. 195.

Further, it may be, that if error was committed in the order to strike, it was cured by matter contained in the amended answer. The amended answer is not before us because not in the abstract. If relied upon to establish error in the action of the lower court it should have been in the abstract.—*Hurd v. McClellan,* 13 Colo. 7; *Haley v. Elliott,* 16 Colo. 161; *Gerspach et al. v. Barhyte,* 17 Colo. App. 489, 68 Pac. 1037.

No error, however, was committed in striking out the paragraphs as they presented immaterial matter.

Judgment affirmed.                    *Affirmed.*