Gunter, J.
This was an adverse suit. Judgment for plaintiff.
1. The complaint does not aver that the adverse claim was filed in the land office within sixty days from the commencement of publication of notice of application for patent. It is said that in this the complaint fails to state facts sufficient' to constitute a cause of action.
We have decided such averment unnecessary to the complaint stating a cause of action. — Pa. Min. Co. v. Bales, 18 Colo. App. 108, 70 Pac. 444.
2. The court below dismissed the ease for violation of one of its rules. Later, upon hearing, it reinstated the case. This is assigned for error. The case is here without a bill of exceptions. The rule of court, and the facts upon which the court acted in the dismissal and reinstatement, are not before us in the absence of a bill of exceptions. — Carnahan v. Connelly, 17 Colo. App. 98, 68 Pac. 836.
“Every intendment is in favor pf the regularity *154 of the proceedings of a court of record. ’ ’ — McKenzie v. Murphy, 29 Colo. 485, 487.
We must presume that the court below acted rightly in reinstating the case.
3. It is contended that error was committed in striking out three paragraphs of the original answer. Later an amended answer was filed. The filing of the amended answer waived error, if any, in sustaining the motion to the original answer . — Travelers’ Ins. Co. v. Redfield, 6 Colo. App. 196, 40 Pac. 195.
Further, it may be, that if error was committed in the order to strike, it was cured by matter contained in the amended answer. The amended answer is not before us because not in the abstract. If relied upon to establish error in the action of the lower court it should have been in the abstract. — Hurd v. McClellan, 13 Colo. 7; Haley v. Elliott, 16 Colo. 161; Gerspach et al. v. Barhyte, 17 Colo. App. 489, 68 Pac. 1037.
No error, however, was committed in striking out the paragraphs as they presented immaterial matter:
Judgment affirmed. Affirmed.