Maxwell, J.
This was a condemnation proceeding under the Eminent Domain Act.
December 13,1895, appellant filed his petition in the court below. May, 1897, a trial was had to a jury of six freeholders, resulting in a verdict in favor of respondents. This trial occupied five days in the talcing of testimony and a view of the premises by the jury.
May 24, 1897, the court set aside the verdict of the jury and granted a new trial.
April 30,1900, the court ordered the “petitioner to deposit in court, not later than 10 o’clock a. m. of May 1, A. D. 1900, the sum of $400.00, to apply on costs accrued and to accrue, and that, on his failure so to do, the trial order heretofore entered should be vacated and set aside.”
On the same day, the petitioner filed his exceptions to the above ruling of the court, protested against the authority or jurisdiction of the court to make such order, and declined to comply therewith.
September 4, 1900, the following order was entered in the cause: “Order dismissed on court’s own motion, for want of prosecution. Costs ordered taxed fo petitioner. It is ordered by the court that respondents have judgment for costs against petitioner, and that execution issue therefor. To which order petitioner excepts.”
Appellant assigns for error the order requiring him to deposit $400.00, to apply on accrued costs and *111 costs to accrue, and the order dismissing the action for want of prosecution.
The abstract of record in this case is very meagre.
The petition filed in the court below is substantially set forth, followed by the briefest possible mention of numerous orders setting the cause for trial, and continuances, and the two orders above mentioned.
In support of the order of April 30, it is contended by appellees that the court was authorized to make such order under the Eminent Domain Act.
An examination of that act, 1 Mills’ Ann. Stats., chapter 45, fails to disclose such authority.
Section 1720 provides for a preliminary deposit by the petitioner, who, thereby, in pursuance of the statute, acquires the privilege of immediate entry and possession of the premises sought to be taken.
Section 1724 relates to an examination by the jury of the premises sought to be taken, upon the request of either party, provided that the party making the request shall advance a sum sufficient, in the opinion of the court, to defray the necessary expenses of such examination.
Section 1728 provides that if, after compensation has been ascertained, the petitioner or owner shall appeal or prosecute a writ of error, the petitioner may pay into the court or to the clerk thereof the amount of compensation so ascertained, for the use of the owner, and thereupon the petitioner may take possession of the premises.
The foregoing are the only provisions of the statute relating to the payment of money into court. No authority is thereby vested in the court to make an order for the deposit in court of a sum of money to apply on costs “accrued and to accrue.”
In the face of the language of the order it can *112 not be seriously contended that a deposit was required in pursuance of the provisions of either of the above cited sections.
It is said that section 23 of the Salary Act of 1891, Session Laws 1891, page 314, provides that every officer shall collect every fee for services performed by him in advance, if the same can be ascertained, and that this section affords authority for making the order complained of.
In People ex rel. v. Quinn, 12 Colo. 473, in discussing a rule of court which required the party appealing from a judgment to pay all accrued costs, the supreme court said:
“We know of no statute by which he may be required to pay the accrued costs in the case at the time of perfecting the appeal, and, in the absence of such statutory authority, the right of the clerk to impose such a condition cannot be maintained. The statutes make further provision for the protection of court and other officers, by permitting them to collect their legal fees in advance; and if this right is not insisted upon at the proper time, the officer must be understood to have waived it, and to have consented that such fees shall abide the result of the suit. ’ ’
In respect to the accrued costs in this case, it must be held that the officers waived the right to demand them in advance, and that the payment of them must abide the result of the suit.
It is said that the requirement that security for costs be given is a matter in the sound discretion of the court, which will not be reviewed except in cases of clear abuse, citing Ward v. Wilms, 16 Colo. 86, and Knight v. Fisher, 15 Colo. 176.
In the cases cited, the ‘ ‘ security for costs ’ ’ under consideration was that provided for by 1 Mills ’ Ann. Stats., sections 674, 675, and is an instrument, the form of which is set forth in the statute.
*113 The deposit of money is not mentioned, and, while money may be the best form of security, we find no warrant in these sections of the statute for the order complained of.
It appears from the transcript that, September 4, 1900, on the call of the docket for the September term, an order for the dismissal of the action was made on the court’s own motion.
It is manifest that this dismissal was not made under sections 166 or 176 Mills’ Ann. Code, nor was it made for failure upon the part of petitioner to comply with any standing rule of the court, and therefore this case is not controlled by Cone v. Jackson, 12 Colo. App. 461, or Hoy v. McConaghy, 14 Colo. App. 372.
"We know of no statute or rule of practice in this state which authorizes the court, of its own motion, without notice by rule or otherwise, and without consent of the parties, to arbitrarily dismiss a pending cause of action at issue.
As was stated in Hoy v. McConaghy, supra:
‘ ‘ If this can be upheld, then courts would be invested with the most extraordinary power, which they could arbitrarily exercise with most disastrous consequences. ’ ’
The judgment of dismissal will be reversed; the cause remanded, with directions to the court below to vacate and set aside the order of May 30, 1900, requiring the petitioner to deposit $400.00 to apply on costs accrued and to accrue. Reversed