[No. 5162.]
[No. 2763 C. A.]

CLEAVELAND V. THE NUBIAN MINING COMPANY.

**Court Rules—Dismissal on Failure to Prosecute.**

A court rule provided that, upon the call of the docket at the commencement of each regular term, without notice to either party, and in term time upon proper notice to the opposing party,

all proceedings in which no order of progress has been made and entered of record for one year or more, shall be dismissed, unless, for good cause shown, the court shall otherwise direct. In a matter in such court which had been at issue for more than one year, the court, on its own motion, dismissed the action without the suggestion of defendant and against the protest of plaintiff, who, in addition, filed an affidavit setting forth the reasons why he had not urged the trial at a previous term, and asked to have it set down for hearing to suit the convenience of the court. Held, that the action of the court was arbitrary, unjust and shows a gross abuse of discretion, and constitutes reversible error.—P. 195.

*Appeal from the District Court of Lake County.*
*Hon. Frank V. Owers, Judge.*

Action by John R. Cleaveland against The Nubian Mining Company. From a judgment dismissing the action, plaintiff appeals.    *Reversed.*

Mr. CLINTON REED, for appellant.

Mr. JOHN A. EWING, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This action involves Rule 18 of the district court of Lake county, which is similar in effect to Rule 20 of the district court of El Paso county as set forth in *Hoy et al. v. McConaghy,* 14 Colo. App. 372. In the matter now before us, the issues were completed on the 31st of January, 1901, and upon the 3d day of March, 1902, the court, without request or suggestion of defendants, and against the protest of plaintiff, and upon its own motion, dismissed the action.

Plaintiff filed an affidavit setting forth the reasons why he had not urged the trial of the issues at a previous term of court, and asked that the case be set for trial upon any date to suit the convenience of the court. This application to have the cause set

for trial was denied, and the cause dismissed as above stated.

The action of the district court was arbitrary, unjust, and shows a gross abuse of its discretion. In the case of *Hoy v. McConaghy, supra,* the cause was dismissed by the district court upon the motion of defendant, and the rule of the district court was construed as warranting a dismissal of the case only in such cases as where the party failed to perform, within the prescribed time, some act required of him by law. There is nothing to show that in this case plaintiff failed to comply with any legal requirements. The record shows affirmatively that the case of *Hoy v. McConaghy* was called to the attention of the court and that he ignored it. The record also shows that he refused to sign the bill of exceptions when tendered, making no claim that it was not complete, or that it was imperfect, and thus compelling the plaintiff to secure its authentication by two reputable members of the bar. An inspection of the entire case demonstrates that an unusual and inexcusable abuse of the court's discretion was exercised.

The judgment of the district court will be reversed and the cause remanded with instructions that the order of dismissal be set aside and the case re-docketed.    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.