[No. 7124. Decided March 19, 1908.]

J. L. MARBOURG, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—PASSENGERS — SETTING DOWN PASSENGERS — CONTRIBUTORY NEGLIGENCE. Where a conductor on a street car, in response to a passenger's request to stop at a certain street, closed one gate, gave the signal to stop, and opened another gate, and the car slowed up and came to the point of stopping, the passenger is not negligent in attempting to alight while the car is in motion, although there was no platform on the side of the open gate; and the company is negligent in suddenly starting up the car before the passenger is safely off.

APPEAL—REVIEW. Upon objection to a complaint in the supreme court, the same will be deemed amended to conform to the facts proven.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 8, 1907, upon the verdict

[1]Reported in 94 Pac. 649.

of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a street car.  Affirmed.

*Sachs & Hale*, for appellant.

*James M. Epler*, for respondent.

Mount, J.—Action for personal injuries.  Plaintiff recovered a judgment for $250.  Defendant appeals.

The facts are as follows:  The respondent on April 26, 1906, was a passenger on one of the appellant's cars within the city limits of Seattle.  When respondent boarded the car, he asked the conductor in charge if the car would stop at Hill street, and was informed that it would.  When the car approached within about a block of Hill street, the respondent again asked the conductor to let him off at Hill street, and the conductor responded, "All right."  The conductor then closed the gate of the car on the side toward the station or a platform which was used for that purpose, and left the gate of the car open on the opposite side of the car where there was no platform.  He gave the motorman the signal to stop. Respondent thereupon, with a grip in his hand, went to the rear of the car, through the open gate, and took a position on the step, intending to alight at the station when the car should stop.  The car slowed down, and respondent waited until he thought it was about to stop and then stepped off the car.  Just at that moment the car started up at full speed, and respondent was thrown to the ground and injured.

It is argued by the apppellant that these facts show that there was no negligence of the appellant, and that the respondent was himself negligent by reason of attempting to alight from a moving car.  6 Cyc. 646, and *Blakney v. Seattle Elec. Co.*, 28 Wash. 607, 68 Pac. 1037, are cited to support this argument.  In that case we said:

"It need not, of course, be argued that a woman of mature years and discretion cannot recover from a street car company for injuries received by her while attempting of her

own volition to alight from one of its cars while the same is in motion; nor need it be argued that it is negligence *per se* to increase the speed of a car, nor that it is not negligence to do so when a passenger is in the act of alighting therefrom unless the car company knows, or could, by the exercise of reasonable diligence, have known, of that circumstance; and this latter was neither within the issues nor the proofs of this case."

This case does not support the position of the appellant here, because here the company did know, or at least should have known, that the respondent was in the act of alighting from the car; and instead of permitting the car to come to a stop as the respondent undoubtedly had a right to suppose would be done, the car was suddenly started forward while he was in the act of alighting. The act of the conductor in closing one gate, giving the signal to stop, and leaving the other gate open, was an implied invitation to the respondent to alight on that side of the car, even if the platform or station was on the opposite side. The respondent certainly had a right to suppose under the circumstances that the car would stop at a particular point, and to act upon that assumption. If the car had not slowed down to the point of stopping, or if respondent had not been led to believe that the car would stop, of course he would have been negligent in attempting to alight therefrom while it was in motion. But here the car was at the point of stopping and at the place where respondent had been told it would stop. We think, under these conditions, he cannot be said to have been negligent as a matter of law. The motorman and conductor were certainly negligent in starting the car again before the respondent was safely off. Appellant also argues that the complaint was insufficient, but the complaint will be treated as amended here to conform to the facts, which we think are sufficient.

The judgment must therefore be affirmed.

Hadley, C. J., Root, Crow, and Fullerton, JJ., concur.