No. 11,843.

MILLER v. EAST DENVER MUNICIPAL IRRIGATION DISTRICT.

Decided February 27, 1928.    Rehearing denied April 2, 1928.

Plaintiff in error was adjudged guilty of contempt of court.

*Affirmed.*

1. ACTIONS—*Dismissal.* A court is without authority on its own motion to dismiss a pending action which is at issue, without notice by rule or otherwise, and without consent of the parties.

2. APPEAL AND ERROR—*Presumption.* On review, the presumption of notice or consent necessary to give validity to an order of dismissal, runs against plaintiff in error in favor of the order as to which a reversal is sought.

3. *Presumption.* On review, an order of the trial court reinstating a cause after dismissal being under consideration, the Supreme Court must presume in favor of the order of reinstatement, and that the facts before the court when the order was made justified it in treating a prior order of dismissal as invalid.

4. CONTEMPT—*Jurisdiction.* On review of a judgment of contempt it not affirmatively appearing that the proceedings were beyond the authority of the court, the judgment is affirmed.

*On Rehearing.*

5. APPEAL AND ERROR—*Practice and Procedure.* A motion in the Supreme Court for leave to file a supplemental record comes too late where it is not presented until after the case has been determined, it appearing that the moving party had notice and opportunity to make the motion before final determination.

6. *Change of Theory.* On review and after decision is announced a party may not change his theory of the case and adopt one which is inconsistent with the one first asserted.

7. *Deficient Record—Briefs.* Statements contained in briefs of counsel can not be considered as supplying deficiencies in the record.

8. *Supplemental Record.* Where matters sought to be presented on review by supplemental record are such as could only be shown by bill of exceptions, the application to file the supplement will be denied.

*Error to the District Court of Adams County, Hon.*
*Samuel W. Johnson, Judge.*

Messrs. DAVIS & WALLBANK, Mr. CHARLES J. KELLY,
Mr. HAROLD B. WAGNER, for plaintiff in error.

Messrs. MELVILLE, MELVILLE & TEMPLE, for defendant
in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the
court.

THIS case is here on writ of error to review a judg-
ment of the district court of Arapahoe county, finding
plaintiff in error guilty of contempt and imposing a fine
therefor.  The contempt, as found by the court, lay in
the resistance offered by the plaintiff in error, to the
exercise by the defendant in error, of the right of pro-
visional possession of a ditch right of way across the
premises of plaintiff in error, which right had by order
of the court been conferred upon defendant in error, as
petitioner, in a proceeding under the Eminent Domain
Act.  The sole ground upon which the contempt judg-
ment is assailed is that the court was without jurisdiction
to pronounce it.

The irrigation district instituted the proceedings
March 28, 1913, and at the same time obtained an order
for possession of the right of way upon the payment of
the required deposit.  Following trial and new trial
granted, the district, October 1, 1914, filed its motion for
an "order either dismissing said cause at the cost of
Fred L. Lucas or making the said Fred L. Lucas party
plaintiff herein, and dismissing said cause as to the East
Denver Municipal Irrigation District."  This motion
was not noticed for hearing, and no further order was
made in the case until January 27, 1920, when the court
made the following order, "At this day this cause is

ordered dismissed at the cost of the plaintiff.'' April 4, 1925, the district filed its motion to vacate the order of dismissal, and to reinstate the case, which motion, after notice and hearing, was, on May 2, 1925, granted by the court. May 14, 1926, the contempt proceedings now under review were instituted by the district, and upon hearing thereof, plaintiff in error was adjudged guilty of contempt for violating the order of possession which the court had entered in 1913.

The contention of plaintiff in error is that the order of dismissal of January 27, 1920, was a final judgment in the cause; that after the lapse of the term at which that judgment was entered, and of the six months allowed by section 81, of the Code of Civil Procedure, the court lost jurisdiction of the cause; that therefore the order of reinstatement was coram non judice; that since there was no cause pending, and no order of possession in effect, the court was without authority to entertain the contempt proceedings, and that the judgment rendered therein is void.

The position of plaintiff in error is not tenable unless the order of dismissal was valid.

It is apparent from the record that the order of dismissal was not made pursuant to the motion of the district. That motion was not before the court upon notice. The order does not recite it and the dismissal is made upon terms other than those requested in the motion. The dismissal was obviously made by the court sua sponte. That the court was without authority to dismiss the pending action, which was at issue, without notice by rule or otherwise, and without the consent of the parties, is settled in this state. *Teller v. Sievers,* 20 Colo. App. 109, 77 Pac. 261. In the case just cited, the record of an order not substantially different from that in this case, was construed to import lack of notice to, or consent by, the parties, even though the order so considered was under direct attack on appeal.

What facts were before the trial court in ordering the reinstatement in this case we are not advised, for the abstract shows no bill of exceptions at all, and the bill of exceptions which we find in the transcript cannot by any fair construction be held to bring up the proceedings on the hearing of the motion for reinstatement. Neither can we, as counsel insist, presume the notice or consent necessary to give validity **to the order of** dismissal. A presumption of that class, as shown by the authorities cited by plaintiff in error, runs against a plaintiff in error, in favor of an order as to which reversal is sought. In this case, on the contary, we must presume in favor of the order of reinstatement as to which error is assigned, that the facts before the court when that order was made justified the court in treating the prior dismissal as invalid. *Carnahan v. Connolly,* 17 Colo. App. 98, 68 Pac. 836; *Rawlings v. Casey,* 19 Colo. App. 152, 73 Pac. 1090.

Since it does not affirmatively appear from the record that the order of reinstatement and subsequent proceedings upon the contempt were beyond the authority of the court, the judgment must be, and it is, affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WHITFORD concur.

*On Rehearing and Motion for Leave to File Supplemental Record.*

MR. JUSTICE WALKER.

Plaintiff in error accompanies his petition for rehearing by motion for leave to file a supplemental record. The supplemental record which he tenders embraces orders of the district court passing the case upon the calling of a docket during several terms; an order that cause be shown why the cause should not be dismissed at the cost of the plaintiff; certain rules of the district court for the dismissal of causes after notice to the parties where no progress has been made for three succeed-

ing terms; and copy of notice which the clerk certifies he mailed to the parties prior to the dismissal of the cause in 1920. All of these matters are certified to by the clerk below. The purpose of plaintiff in error is, by this supplemental record, to show that the order of dismissal was not invalid by reason of absence of notice to the parties, or authority of court rules therefor. He contends that the holding of this court with regard to the invalidity of the order of dismissal as it appeared upon the original record was not made pursuant to any contention of the defendant in error, and that therefore the plaintiff in error should now, even though the decision has been rendered, be permitted to amend the record to meet the position taken by this court. But the answer to this contention of the plaintiff in error is that the brief of defendant in error specifically argues that the court below was without authority to enter the order of dismissal. This position was based by the brief partly upon the absence of any court rules authorizing the dismissal, and partly also upon the lack of notice to the parties. Plaintiff in error was therefore given timely warning that such question was before this court. Not only so, but plaintiff in error, being confronted by this question, elected to rely upon the presumption of validity, and also upon the theory that the defendant in error was estopped to question the validity of the dismissal because it had filed a motion therefor. Moreover, plaintiff in error included in its briefs statements as to the giving of notice, although of course such statements could not be considered by us as supplying the deficient record. We must therefore hold that the motion to supplement the record comes too late. *Carnahan v. Connolly,* 17 Colo. App. 98, 68 Pac. 836. We may add that material matters attempted to be shown by the supplemental record are such as can only be shown by a bill of exceptions, not being parts of the record proper, and for that reason also the application would have to be denied.

The application for leave to file supplemental record is denied, as is also the petition for rehearing.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WHITFORD concur.