No. 19,378

ALBERT ELLIS RADINSKY *v.* KENNETH N. KRIPKE, ET AL.
(354 P. [2d] 500)

Decided July 18, 1960.

Mr. ALEX STEPHEN KELLER, for plaintiff in error.

Messrs. RYAN, SAYRE, MARTIN & HANSEN, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

THE sole question here presented is whether the action of the trial court in dismissing the case with prejudice

for failure to prosecute constitutes an abuse of judicial discretion. Under the record before us we hold that it does.

Radinsky, Kripke and McLean were general partners engaged in the practice of law in Denver, Colorado. In the summer of 1954 Radinsky left the partnership because of alleged ill health and moved to California. Subsequently, in March of 1955, he commenced the instant action seeking dissolution of the partnership and an accounting of partnership assets. Defendants in error answered and counter-claimed. Later they sought to take Radinsky's deposition but he has disregarded the court's order in that regard. An order to furnish a cost bond filed by defendants in error was denied by the trial court without any proper reason being shown. And, the record shows that on October 24, 1957, the trial court appointed a referee to conduct hearings on the accounting and which referee has failed for unexplained reasons to proceed as directed.

On December 8, 1959, pursuant to Rule 18 of the Rules of the District Court of the Second Judicial District, the trial court on its own motion, after Radinsky had filed his motion to remove the cause from the operation of District Court Rule XVIII and following hearing thereon, dismissed the action with prejudice.

Rule XVIII provides as follows:

"Dismissal of Actions — Failure to Prosecute, etc.

Payment of Costs

"Sec. 1. The Clerk of this Court, at the opening of the September Term of each year, shall report to the Judges such cases as may be pending in their respective Civil Divisions, in which no order or progress has been made and entered of record for a period of twelve (12) months. All such cases shall be dismissed with prejudice thirty days after service of written notice by the Clerk to attorneys of record or parties, at their last known addresses, unless good cause shall be shown why the same should not be dismissed."

The last order of record prior to the dismissal was one entered on October 24, 1957, some twenty-four months prior to the dismissal. This order provided in pertinent part:

"IT IS FURTHER ORDER OF THE COURT that the accounting hearing referred to in the Court's order of June 1, 1955, be held as soon as possible, and to that end the court hereby appoints * * * as the referee or master to conduct said hearing and to file his report with the Court."

There is no evidence in the record that any hearing was held by the individual appointed by the court as referee. In its findings accompanying the order of dismissal, the court made the following statement:

"3. THE COURT FINDS that since said date (October 24, 1957), Attorney Alex Stephen Keller has repeatedly telephoned the said (referee) and has written him letters asking him to commence his hearings herein, and on September 30, 1959, before a postal card from the Clerk of this Court was received, the said Alex Stephen Keller again wrote (the referee) as follows:

" ' * * *

" 'Dear Frank:

" 'Some considerable time back I wrote you a letter concerning the case of Radinsky vs. Kripke and McLean, in which Judge McDonald appointed you master. This is a very old case and we are most anxious to conclude it. I would suggest that you appoint a Certified Public Accountant and hold hearings so that you will be in a position to make a report to the court.

" ' * * * ' "

The court then held that "the plaintiff, * * *, was under an obligation to go forward and did not show diligence."

These findings of continued efforts of plaintiff's counsel to obtain a hearing before the referee are basically inconsistent with the conclusion that plaintiff did not show due diligence in the prosecution of the case,

and cannot be reconciled with such a holding. To the contrary, they would indicate that plaintiff has done all that could reasonably be expected of him to obtain such a hearing, and the delay must be attributed to the failure of the referee who was an arm of the court, not the plaintiff, to show due diligence. No showing has been made as to why the referee has failed to proceed but whatever the reason the consequence of delay under this record should not be borne by Radinsky.

It has been held in Colorado that a delay occasioned by the failure of an officer of the court (the Clerk) in circumstances where the plaintiff has not failed to comply with any legal requirements, is not grounds for dismissal for failure to prosecute. See *Cleveland v. Nubian Mining Co.* (1906) 38 Colo. 193, 88 Pac. 179 and *Hoy v. McConaghy* (1900) 14 Colo. App. 372, 60 Pac. 184. This rule extends to delays occasioned by all officers of the court, including masters and referees.

An additional reason also exists requiring reversal here.

If the Findings and Judgment of the trial court were meant to be a default judgment, then we find no compliance with our Rules of Civil Procedure which provide how judgments by default must be entered after proper motion therefor with notice (Rule 55). And if this be considered an involuntary dismissal it failed to comply with Rule 41 R.C.P. Colo., which also requires a motion; and then notice thereof must be given as required by Rule 5. See *Thompson v. McCormick,* 138, 434, 335 P. (2d) 265.

Also, it is obvious that the trial court failed to follow its own Rule XVIII, which did not apply. This is so because no written notice was given as required therein and if it had been given then this record discloses "good cause" why the action should not have been dismissed.

The judgment is reversed and the cause remanded to the trial court with directions to reinstate the claim and

amended counterclaim and other pleadings, to remove the referee heretofore appointed and to appoint a new referee with directions to proceed forthwith to determine the accounting between the parties; said trial court then to determine this controversy with all reasonable speed including advancement on the docket if necessary.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.